**In the United States District Court**
**for the District of Kansas**
**at Kansas City, Kansas**

BRET D. LANDRITH
*Plaintiff*

v.

Case No. 12-2352 EFM/DJW

BANK OF NEW YORK MELLON
CATHERINE A. REIN
BANK OF AMERICA CORPORATION
COUNTRYWIDE HOMELOAN, INC.
CWALT, INC.
ALTERNATIVE LOAN TRUST 2007-OA7
BAC HOME LOANS SERVICING, LP
COUNTRYWIDE FINANCIAL
COUNTRYWIDE HOME LOANS
KPMG LLP
STEPHEN E. SUMMERS
REALTY EXECUTIVES OF KANSAS CITY
SOUTH & ASSOCIATES, P.C.
BRYAN CAVE LLP

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Jury Trial Demanded**

## COMPLAINT UNDER RACKETEER
## INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1961, *et seq.*

Bret D. Landrith
Plaintiff
appearing *Pro se*
Apartment 209,
5308 SW Tenth St.
Topeka, KS 66604
Cell 913-951-1715
bret@bretlandrith.com

**TABLE OF CONTENTS**

COMPLAINT      1

I. NATURE OF THE CASE      1

II. JURISDICTION AND VENUE      1

(1) Subject Matter Jurisdiction      1

(2) Venue      1

III. PARTIES      2

IV. PROCEDURAL HISTORY      3

V. STATEMENT OF FACTS      4

HOW ALTERNATIVE LOAN TRUST 2007-OA7
WAS CREATED WITH OTHER CWALT, INC.
TRUSTS TO CONTROL THE BANK OF NEW YORK MELLON
AS AN ENTERPISE FOR BANKING FRAUD IN A RACKETEERING CONSPIRACY      4

CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7's FRAUDS ON
THE BANK OF NEW YORK THAT LEAD TO THE PLAINTIFF'S INJURY      9

ALTERNATIVE LOAN TRUST 2007-OA7's FRAUDS
DIRECTED AT LOT 330, LEAWOOD ESTATES TO INJURE THE PLAINTIFF      12

COUNT I
RACKETEERING IN VIOLATION OF 18 U.S.C. § 1962(c)      14

(1) conduct      14

    (a) defendants have participated in the operation or management of the enterprise itself 15

    (b) defendants have a nexus of conduct participating in the enterprise's affairs    16

        (i) 'by means of, by consequence of, by reason of, by the agency of, or by the
instrumentality of'    16

        (ii) a pattern of racketeering activity   17

(2) of an enterprise    17

    (1) [an] ongoing organization with a decision-making framework or mechanism for controlling the
group,      17

    (2) that the various associates function as a continuing unit,      20

    (3) that the enterprise exists separate and apart from the pattern of racketeering activity.   21

    (4) through a pattern      23

    (a) defendants committed more than two predicate acts of racketeering activity within ten years 23

i

(b) the racketeering predicates are both related and continuous   23

(4) of racketeering activity                24

(a) the existence of "an enterprise,"                24

(b) which was "engaged in activities affecting interstate or foreign commerce,"   24

(c) which the defendants are "associated with or employed by,"          25

(d) that the defendants " knowingly ... conduct[ed] ... a pattern of racketeering activity," 25

(e) the defendants "knowingly conducted, or participated directly or indirectly in the conduct of, the enterprise through that pattern of racketeering activity.     25

I. Mail And Wire Fraud On The Johnson County, Kansas District Court          26

(1) the defendants' misrepresentation to the Johnson County District Court 27

(2) the impact on the motion as a consequence of that misrepresentation;        28

(3) the lack of an opportunity to discover the misrepresentation and either bring it to the court's attention or bring an appropriate corrective proceeding;          28

(4) the benefit the defendants derived by inducing the erroneous decision  29

II. Facts Related To The Wanton Conduct Of The Defendants          29

III. Related to the Fraud on Johnson County District Court Regarding Standing  31

(5) the Johnson County District Court's justified reliance on the defendant's frauds and misrepresentations        31

IV. Related to the Fraud on Johnson County District Court To Strike K.S.A. 60-255(b) Motion 33

V. Absence of Petition Clause Immunity For the Defendant Law Firms' Conduct  34

1. Law Firm defendants took part in directing the enterprise's affairs  34

2. Law Firm defendants substantially involved in the affairs of the enterprise  35

3. The foreclosure lawsuits are objectively baseless and shams  35

(i) no reasonable litigant could realistically expect success on the merits  35

(ii) the lack of merit is concealed from the court  36

Injury to the Plaintiff                    37

    (a) Business                    37

    (i) proximately caused by a RICO violation          38

    (ii) concrete financial loss          38

    (b) Property                    38

    (i) proximately caused by a RICO violation          38

    (ii) concrete financial loss          38

18 U.S.C. § 1962(c) DAMAGES                    38


COUNT II
RACKETEERING CONSPIRACY IN VIOLATION OF 18 U.S.C. § 1962(d)          39

Defendants entered into an agreement `to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity          39

The Defendants knowingly associated with the conspiracy          40

Defendants embraced the objective of the conspiracy          40

"the defendant know[s] the general nature of the enterprise and know[s] that the enterprise extends beyond his general role.          40

Defendants agreed to commit two predicate acts in furtherance thereof          41

conscious adherence to fraudulent scheme pursuant to which two mailings in furtherance of scheme were foreseeable          41

Injury to the Plaintiff          42

    (a) Business          42

    (b) Property          42

18 U.S.C. § 1962(d) DAMAGES          43

VI. RELIEF          44

JURY TRIAL DEMANDED          44

DESIGNATION OF KANSAS CITY, KANSAS FOR TRIAL          44

## COMPLAINT

Comes now the plaintiff BRET D. LANDRITH appearing *pro se* and makes the following complaint against the defendants for violations of "RICO" (Title IX of the Organized Crime Control Act of 1970, 18 USC §§ 1961 -1968).

### I. NATURE OF THE CASE

This is an action seeking redress from the defendants' racketeering violations that have injured the plaintiff's business and property. The defendants' materially fraudulent misrepresentations and mail and wire communications in furtherance of the defendants' continuing fraudulent schemes over mortgage-backed securities have prevented the plaintiff from obtaining relief from the fraud in state court actions where he is not a borrower and not in contract with the defendants.

### II. JURISDICTION AND VENUE

1.      This court has federal question jurisdiction 28 U.S.C. § 1331.

#### (1) Subject Matter Jurisdiction

2.      This action arises under the Racketeer Influenced And Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*.

3.      This action seeks redress for violations of Mail Fraud under 18 U.S.C. § 1341 and Wire Fraud under 18 U.S.C. § 1343 privately actionable under 18 U.S.C. § 1961(1)(A).

#### (2) Venue

4.      Venue is proper because the principal defendants injured the plaintiff in Johnson County, Kansas.

5.      Venue is proper because the property at stake is a residential house and land located in the State of Kansas as lot 330, Leawood Estates, a subdivision in the City of Leawood, in Johnson County.

6.      The acts complained of occurred in the Cities of Leawood, County of Johnson, in the State of Kansas.

1

7.     The acts complained of occurred in New York City, County of New York, in the State of New York.

8.     The prior litigation in the State of Kansas resulted in the plaintiff being determined not to be a party.

9.     The prior litigation in the State of New York was dismissed without prejudice due to forum *non conveniens*, in favor of the defendants request for a Kansas venue.

## III. PARTIES

10.    Plaintiff BRET D. LANDRITH resides at the time of filing this complaint at Apt. 209, 5308 SW Tenth St., Topeka, KS 66604.

11.    Nominal defendant THE BANK OF NEW YORK MELLON is a Delaware Corporation headquartered at One Wall St., New York, NY 10286 and is the trustee for ALTERNATIVE LOAN TRUST 2007-OA7 and is not a defendant under 18 U.S.C. § 1961, *et seq*. in this action.

12.    Defendant CATHERINE A. REIN is Audit Committee Chairman of THE BANK OF NEW YORK MELLON, One Wall St., New York, NY 10286.

13.    Defendant BANK OF AMERICA CORPORATION (BANK OF AMERICA, NA ["BAC"]), whose registered agent is whose registered agent is CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

14.    Defendant CWALT, INC. is a subsidiary of COUNTRYWIDE FINANCIAL CORPORATION, whose address is 4500 Park Granada, Calabasas, California 91302.

15.    Defendant ALTERNATIVE LOAN TRUST 2007-OA7 is an enterprise formed as a trust organized under the laws of the State of New York, its trustee is at One Wall St., New York, NY 10286

16.    BAC HOME LOANS SERVICING, LP is a limited partnership and subsidiary of BANK OF AMERICA with its principal executive offices at 4500 Park Granada, Calabasas, CA. BAC HOME LOANS SERVICING, LP is identified in mortgage contracts and other legal documents as "BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP."

17.    COUNTRYWIDE FINANCIAL is a corporation organized under the laws of the State of Delaware with its principal executive offices at 4500 Park Granada, Calabasas, California. Pursuant to a

2

merger completed on July 1, 2008, COUNTRYWIDE FINANCIAL has been merged into and is now part of BANK OF AMERICA.

18.     COUNTRYWIDE HOME LOANS, a wholly-owned subsidiary of COUNTRYWIDE FINANCIAL, is a corporation organized under the laws of the State of New York with its principal place of business at 4500 Park Granada, Calabasas, California. COUNTRYWIDE HOME LOANS is now part of Bank of America and operates under the trade name "Bank of America Home Loans."

19.     Defendant KPMG LLP whose registered agent is CT Corporation System, 111 Eighth Avenue, New York, New York 10011

20.     Defendant BRYAN CAVE LLP, 211 Broadway, Suite 3000, St. Louis, Missouri 63102.

21.     Defendant STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY, 11401 Ash, Leawood, KS 66211

22.     Defendant SOUTH & ASSOCIATES, P.C. is headquartered at Suite 100, 6363 College Boulevard, Overland Park, KS 66211 and whose registered agent is whose registered agent is Corporate Registration Services, Inc., 9300 Metcalf, Suite 300, Overland Park, KS 66212

### IV. PROCEDURAL HISTORY

23.     The defendants instituted a foreclosure against the plaintiff's privee and predecessor in interest Jeffrey A. Basler in the Johnson County District Court *The Bank Of New York v. Jeffrey A. Basler*, Case No. 10cv1749

24.     The plaintiff was the only party appearing to defend the foreclosure which had not been personally served and appeared after the sheriff had issued title for the defendants.

25.     The defendants procured a strike order and determination that the plaintiff is not to be a party for the purpose of setting aside the foreclosure.

26.     The motion to strike was not a motion to test the sufficiency of a claim or defense and did not brief any arguments that the plaintiff's defenses were insufficiently pled.

27.     The court and parties countenanced the plaintiff bringing his affirmative defenses as claims in an independent action if the strike motion was sustained.

28.     The plaintiff instituted the State of New York action for fraud on the court *Landrith v. Alternative Loan Trust 2007-0A7 and Bank Of New York Mellon* New York County Supreme Court Index No. 653154/2011.

29.     The State of New York case was dismissed without prejudice due to the defendants procuring an order sustaining their motion for dismissal on the grounds of forum *non conveniens*, in favor of the defendants request for a Kansas venue.

## V. STATEMENT OF FACTS

30.     The plaintiff alleges the following based on research and investigation and from which information he has a belief but not first hand knowledge:

31.     BANK OF AMERICA, NA is the successor in interest, duties and liabilities to COUNTRYWIDE HOME LOANS, INC. (COUNTRYWIDE HOME) and COUNTRYWIDE HOME LOANS SERVICING LP (COUNTRYWIDE SERVICING) which represented that it obtained residential home mortgage loans from COUNTRYWIDE HOME, including a mortgage loan on the plaintiff's property.

32.     BANK OF AMERICA, NA through its wholly owned and controlled subsidiaries serviced the mortgage loans, then created shell trusts under State of New York law including ALTERNATIVE LOAN TRUST 2007-OA7 to facilitate representing to courts that mortgage loans and rights to enforce them were received from Countrywide Home Loans, Inc.

### HOW ALTERNATIVE LOAN TRUST 2007-OA7
### WAS CREATED WITH OTHER CWALT, INC.
### TRUSTS TO CONTROL THE BANK OF NEW YORK MELLON
### AS AN ENTERPISE FOR BANKING FRAUD IN A RACKETEERING CONSPIRACY

33.     The mortgage underwriting, securitization and foreclosure frauds committed by COUNTRYWIDE former chairman and CEO David Sambol, former president and Chief Operating Officer, Eric P. Sieracki, former executive managing director and CFO and their auditing firm KPMG were joined by BANK OF AMERICA, NA through the instrumentality of the defendant ALTERNATIVE LOAN TRUST 2007-OA7 and the trust's misrepresentation that it possessed the rights on the promissory note and mortgage in a section 256 of the Restatement of Agency, Second, fraud to its trustee THE BANK OF NEW YORK MELLON; resulted in the plaintiff's property rights and interests in his residential house and land located

4

in the State of Kansas as lot 330, Leawood Estates, a subdivision in the City of Leawood, in Johnson County being foreclosed.

34.     BANK OF AMERICA, NA has publicized misrepresentations to the public, the Securities and Exchange Commission and the government mortgage guarantee entity Fannie Mae to further profit from and obstruct justice to prevent discovery of criminal misconduct engaged in by COUNTRYWIDE HOME LOANS, INC. in conspiracy with the auditing firm KPMG to securitize the plaintiff's property in pooling and servicing agreements transferred by BANK OF AMERICA, NA to ALTERNATIVE LOAN TRUST 2007-OA7

35.     BANK OF AMERICA, NA utilized ALTERNATIVE LOAN TRUST 2007-OA7's misrepresentations to THE BANK OF NEW YORK that the Pooling and Servicing Agreement (PSA) was sufficient grounds that the assignment of mortgage notes, enforcement and foreclosure rights including rights over the plaintiff's were received by the trust from Countrywide Home.

36.     BANK OF AMERICA, NA through its predecessor in interest COUNTRYWIDE HOME LOANS, INC. intentionally misrepresented material facts about various individual loans [including the loans alleged to be secured by the plaintiff's property] so that they would appear to satisfy warranties in the parties' agreements for insurable and merchantable title and to make a false claims against Fannie Mae in violation of the False Claims Act (31 U.S.C. §§ 3729–3733).

37.     On information and belief BANK OF AMERICA, NA through its predecessor in interest COUNTRYWIDE HOME LOANS, INC. transferred interests and ownership of notes alleged to be secured with the plaintiff's property and other homes taken by THE BANK OF NEW YORK MELLON to third party funds and not to the State of New York trusts set up through BANK OF AMERICA, NA's subsidiary CWALT as ALTERNATIVE LOAN TRUST 2007-OA7 represented to THE BANK OF NEW YORK MELLON.

38.     THE BANK OF NEW YORK MELLON became the trustee of ALTERNATIVE LOAN TRUST 2007-OA7 alleging a secured interest in the plaintiff's property in a falsehood created by COUNTRYWIDE former chairman and CEO David Sambol, former president and chief operating officer, Eric P. Sieracki, COUNTRYWIDE's former executive managing director and CFO and Countrywide's auditing firm KPMG and perpetuated by BANK OF AMERICA, NA whose participation included causing

5

a false claim to be made against the US Treasury through obtaining the mortgage loan insurance provided by Fannie Mae and selling mortgage loan servicing rights, knowing that the plaintiff's property, the subject of the false claims against Fannie Mae, was not secured with a valid property interest and insurable mortgage due to the property rights and mortgage documentation not being transferred to the CWALT, Inc. created ALTERNATIVE LOAN TRUST 2007-OA7 fraud instrumentality as represented to THE BANK OF NEW YORK MELLON because of the scheme BANK OF AMERICA, NA, and the depositor CWALT, Inc. engaged in to defraud investor pools in multiple sales, knowing the "blue ink mortgage note" for the plaintiff's property which is required to prove any right by the plaintiff to the property is unavailable as a result of COUNTRYWIDE HOME's prior transfer to a third party fund.

39.     On information and belief BANK OF AMERICA, NA utilized the alleged certificate holders, CWALT, and ALTERNATIVE LOAN TRUST 2007-OA7 to further the COUNTRYWIDE HOME LOANS, INC. separation of the secured interest from the purported mortgage note for the purpose of preventing discovery on the securities fraud on foreign derivatives securities holders that believed they had an investment secured by the plaintiff's property and to prevent the number of duplicative credit default swap bundles utilizing the plaintiff's property from being disclosed to law enforcement officials responsible regulating banking and securities.

40.     THE BANK OF NEW YORK MELLON as the trustee under the misrepresentation of the CWALT created Alternative Trusts is participating in a fraud originating with BANK OF AMERICA, NA's mortgage underwriting service COUNTRYWIDE and BANK OF AMERICA, NA's mortgage servicing unit BAC.

41.     BAC was known as COUNTRYWIDE HOME LOANS SERVICING LP until it changed its name in 2009.

42.     Since the buyout, BANK OF AMERICA, NA has engaged in a complex series of transactions involving moving COUNTRYWIDE FINANCIAL CORP. and the subsidiaries of COUNTRYWIDE FINANCIAL CORP., as well as the assets of such corporations, to and fro within the BANK OF AMERICA, NA group of companies in an attempt to evade federal and state regulatory action with respect to mortgage servicing abuses occurring at COUNTRYWIDE HOME LOANS SERVICING LP and successor entities.

6

43.    In July 2008, BANK OF AMERICA, NA 's subsidiary NB Holding Corp. completed the acquisition of COUNTRYWIDE HOME SERVICING LP so that COUNTRYWIDE HOME would be a "non-banking" indirect subsidiary of BANK OF AMERICA, NA and therefore evade regulatory oversight of mortgage servicing activities by the United States Office of the Comptroller of the Currency (the OCC).

44.    BANK OF AMERICA, NA executives and counsel also believed that such structure would allow BANK OF AMERICA, NA to evade regulatory licensing and oversight of its unlawful and fraudulent mortgage servicing activities by state regulatory authorities because COUNTRYWIDE HOME LOANS SERVICING LP, although not a subsidiary of BANK OF AMERICA, NA would still be related to BANK OF AMERICA, NA, and therefore could claim a preemption from state regulation and licensing.

45.    BANK OF AMERICA, NA principals then stripped COUNTRYWIDE FINANCIAL CORP. and COUNTYWIDE HOME LOANS of all their assets to further defraud claimants and potential claimants against COUNTYWIDE entities.

46.    In November, 2008, COUNTRYWIDE HOME LOANS INC. transferred all of its assets to BANK OF AMERICA CORP., which thereafter transferred such assets to BANK OF AMERICA, NA  and formed a unit of BANK OF AMERICA, NA called 'COUNTRYWIDE HOME LOANS.'

47.    COUNTRYWIDE HOME LOANS, a division of BANK OF AMERICA, NA thereafter conducted the business previously conducted by COUNTRYWIDE HOME LOANS INC.

48.    In 2009 BANK OF AMERICA, NA shed the 'COUNTRYWIDE' brand name, knowing that in the minds of consumers and regulators it was associated with COUNTYWIDE FINANCIAL CORP.'s fraud.

49.    COUNTRYWIDE HOME LOANS SERVICING LP then became BAC HOME LOANS SERVICING LP, while COUNTRYWIDE HOME LOANS was changed to BANK OF AMERICA HOME LOANS.

50.    In June 2010, the Federal Trade Commission barred BAC HOME LOANS and COUNTRYWIDE HOME LOANS from certain practices, including making false or unsubstantiated representations about loan accounts.

51. In April, 2011, BANK OF AMERICA, NA fully realized that its shell game to evade regulatory oversight was not working when BANK OF AMERICA, NA was hit with a Consent Order from the OCC relating to the mortgage servicing activities of the non-bank entity BAC HOME LOANS SERVICING LP.

52. The OCC Consent Order did not differentiate between BANK OF AMERICA, NA and BAC HOME LOANS SERVICING LP and found that BANK OF AMERICA, NA serviced 13,500,000 residential mortgage loans.

53. With new financial regulations on the horizon in the form of the Dodd-Frank Wall Street Reform and Consumer Protection Act, and tougher regulations on mortgage servicers from the Consumer Financial Protection Bureau, BANK OF AMERICA merged BAC HOME LOANS SERVICING LP into BANK OF AMERICA, NA.

54. However BANK OF AMERICA. NA then realized almost immediately after moving its mortgage servicing activities to the new shell, then it figured out that it still would be stuck with the large costs of complying with the already existing OCC Consent Order, which had ordered that the unlawful and fraudulent mortgage servicing activities be corrected going forward and that with respect to past unlawful activities such judicial and non-judicial foreclosures be reversed (such as the foreclosure and sale of the plaintiff's house) where possible and that those injured be compensated.

55. BANK OF AMERICA. NA tried to evade the future liability to the defendant for the unlawful foreclosure of the plaintiff's house on as lot 330, Leawood Estates and other homes it was unlawfully servicing by selling servicing rights to 400,000 loans for $500 billion.

56. Fannie Mae is the unwitting surety and guarantor as purchaser or financier for the mortgage servicing rights on the plaintiff's as lot 330, Leawood Estates and was materially harmed in the FCA false claim by BANK OF AMERICA, NA where BANK OF AMERICA, NA did not maintain the original mortgage note or deliver it to THE BANK OF NEW YORK MELLON and CWALT to place it in ALTERNATIVE LOAN TRUST 2007-OA7 and did not exercise diligence in qualifying purchasers or correctly disclosing risks related to buyers.

8

## CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7's FRAUDS ON
## THE BANK OF NEW YORK THAT LEAD TO THE PLAINTIFF'S INJURY

57.    BANK OF AMERICA, NA the successor in interest, duties and liabilities to BAC,

COUNTRYWIDE HOME LOANS, INC. (COUNTRYWIDE HOME) and, COUNTRYWIDE HOME

LOANS SERVICING LP (COUNTRYWIDE SERVICING) in its previous incarnation as Countrywide

failed to comply with the terms of the securitization Pooling and Servicing Agreement ("PSA") for the

delivery of the mortgage note to CWALT, for ALTERNATIVE LOAN TRUST 2007-OA7.

58.    COUNTRYWIDE HOMES failed to deliver the mortgage note to the trustee, THE BANK OF

NEW YORK MELLON and therefore THE BANK OF NEW YORK MELLON as trustee of

ALTERNATIVE LOAN TRUST 2007-OA7 was without the rights to enforce the promissory note secured

with the plaintiff's home and without the right to foreclose on the plaintiff's home.

59.    THE BANK OF NEW YORK MELLON as trustee for ALTERNATIVE LOAN TRUST 2007-

OA7 and CWALT without the note from COUNTRYWIDE HOMES or its successor in interest BANK OF

AMERICA, NA, was without standing to bring a foreclosure action against the plaintiff or his predecessors

in Johnson County Kansas District Court.

60.    Each communication of CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 to the

trust's principal THE BANK OF NEW YORK MELLON was by US Mail and electronic wire

transmissions.

61.    Since ALTERNATIVE LOAN TRUST 2007-OA7 did not have the mortgage file, promissory

notes and original mortgages it needed for THE BANK OF NEW YORK MELLON to be its trustee, each

and every US Mail and electronic wire transmission ALTERNATIVE LOAN TRUST 2007-OA7 made to

THE BANK OF NEW YORK was for the express purpose of deceiving THE BANK OF NEW YORK

MELLON and perpetuating the bank fraud scheme.

62.    THE BANK OF NEW YORK MELLON, having some notice and reason to believe it was

proceeding against thousands of homes without standing and through frauds on the respective foreclosure

courts as a result of ALTERNATIVE LOAN TRUST 2007-OA7 and the other CWALT created trusts'

misrepresentations, negotiated with BANK OF AMERICA, NA to be completely indemnified but now

knows BANK OF AMERICA, NA is insolvent as to its liabilities over the Countrywide mortgages and

9

insolvent as to liability from BANK OF AMERICA, NA's continued conduct after taking over COUNTRYWIDE.

63.     BANK OF AMERICA, NA knew it was without the assets or resources to indemnify THE BANK OF NEW YORK MELLON for the conduct its enterprises including ALTERNATIVE LOAN TRUST 2007-OA7 were organized to implicate and make THE BANK OF NEW YORK liable for.

64.     BANK OF AMERICA, NA, the successor in interest, duties and liabilities to COUNTRYWIDE HOME LOANS, INC. (COUNTRYWIDE HOME) and COUNTRYWIDE HOME LOANS SERVICING LP (COUNTRYWIDE SERVICING) in its previous incarnation as Countrywide caused the trustee THE BANK OF NEW YORK MELLON and the trustee's agents to misrepresent each transaction purchasing interests in ALTERNATIVE LOAN TRUST 2007-OA7 to investors and later to Fannie Mae, by creating the impression that the trust had secured the collateral including the plaintiff's house and land lot 330, Leawood Estates.

65.     The trustee THE BANK OF NEW YORK MELLON was fraudulently manipulated by its principal to misrepresent from 2008 to 2011 in each of CWALT, Inc.'s Reg AB annual certifications to each investor of ALTERNATIVE LOAN TRUST 2007-OA7 and Fannie Mae that the mortgage loan documents including the promissory note on the plaintiff's house and land lot 330, Leawood Estates were safeguarded and secured when THE BANK OF NEW YORK MELLON trust department had never received them or the note on the plaintiff's home.

66.     The trustee THE BANK OF NEW YORK MELLON further was fraudulently manipulated by its principal into misrepresenting to the investors of ALTERNATIVE LOAN TRUST 2007-OA7 and Fannie Mae that the plaintiff's house and land, lot 330, Leawood Estates was assigned to ALTERNATIVE LOAN TRUST 2007-OA7 and that the plaintiff's original mortgage note, endorsed by signature with "Pay to the order of" instructions and that all intervening endorsements showing a complete chain of endorsement from the person endorsing the mortgage note and each endorsement being sufficient to transfer all right, title and interest of the party endorsing, as noteholder or assignee thereof, in and to the plaintiff's mortgage note when the trustee THE BANK OF NEW YORK MELLON was without the chain of endorsements, having never received the original mortgage note.

67.     Because the plaintiff's initial mortgage loan that was not a MERS Mortgage Loan, the THE

10

BANK OF NEW YORK MELLON as trustee was defrauded by its principal into certifying the above mortgage file documents including the original mortgage note were in THE BANK OF NEW YORK MELLON's possession and that THE BANK OF NEW YORK MELLON had reviewed the plaintiff's mortgage file documents including the original mortgage note and the documents appeared regular and were present and related to the plaintiff's mortgage loan.

68.     THE BANK OF NEW YORK MELLON was deceived by its principal to make the above materially fraudulent misrepresentations about the plaintiff's mortgage note (as it did about all notes in the trust) in a preliminary certification on the closing date of record for ALTERNATIVE LOAN TRUST 2007-OA7.

69.     THE BANK OF NEW YORK MELLON was deceived by its principal into making additional materially fraudulent misrepresentations about the plaintiff's mortgage note (as it did about all notes in the trust) in the final 2007 certification on the recorded date of record that all required documents have been received for ALTERNATIVE LOAN TRUST 2007-OA7.

70.     THE BANK OF NEW YORK MELLON was deceived by its principal to make additional annual materially fraudulent misrepresentations to investors in ALTERNATIVE LOAN TRUST 2007-OA7, Fannie Mae and the Securities and Exchange Commission ("SEC") about the defendant's Mortgage Note (as it did about all notes in the trust) in the 2008, 2009, and 2010 annual certifications with CWALT in THE BANK OF NEW YORK MELLON's delivery to the SEC of Regulation AB Certifications (asset backed securities pursuant to SEC regulation section 1122(d)(4)(ii))  that the Pool assets ( original mortgage notes of ALTERNATIVE LOAN TRUST 2007-OA7) and related documents are safeguarded by THE BANK OF NEW YORK MELLON as required by the transaction agreements.

71.     THE BANK OF NEW YORK MELLON was deceived by its principal and CWALT, Inc. to make additional materially fraudulent misrepresentations to investors in ALTERNATIVE LOAN TRUST 2007-OA7 and Fannie Mae that a grant of a security interest in the mortgage loans including the mortgage loan on the plaintiff's house and land lot 330, Leawood Estates was obtained for the benefit of the certificate holders- the investors in ALTERNATIVE LOAN TRUST 2007-OA7.

72.     THE BANK OF NEW YORK MELLON and CWALT under the PSA ensured the agreements were grants of a security interest, and CWALT filed UCC statements for the mortgage loans including the

11

defendant's and represented facts including that all original executed copies of each Mortgage Note (including the defendant's) required to be delivered to the trustee THE BANK OF NEW YORK MELLON have been delivered to the THE BANK OF NEW YORK MELLON.

73.     THE BANK OF NEW YORK MELLON is trustee for ALTERNATIVE LOAN TRUST 2007-OA7 without the authority to enforce mortgages, notes or rights claimed to be held by ALTERNATIVE LOAN TRUST 2007-OA7 when COUNTRYWIDE HOMES sold the "blue ink" notes and the rest of the mortgage file to third party funds to be resold to foreign derivatives securities holders.

74.     THE BANK OF NEW YORK MELLON as trustee had some knowledge of the securities and foreclosure frauds associated with the CWALT created State of New York trusts including ALTERNATIVE LOAN TRUST 2007-OA7 and procured from BANK OF AMERICA, NA a complete indemnification while continuing to collect its fees for good faith and fair dealing in the performance of its fiduciary duties from the trusts including ALTERNATIVE LOAN TRUST 2007-OA7 despite lacking clean hands to obtain relief in foreclosure equity courts.

75.     THE BANK OF NEW YORK MELLON and its principal ALTERNATIVE LOAN TRUST 2007-OA7 lack standing to foreclose or enforce any note or fee connected with the plaintiff's home and land or any other mortgage note in CWALT created Alternative Loan Trusts where the mortgage files, original mortgage and promissory notes or enforcement rights were not physically transferred by COUNTRYWIDE.

### ALTERNATIVE LOAN TRUST 2007-OA7's FRAUDS
### DIRECTED AT LOT 330, LEAWOOD ESTATES TO INJURE THE PLAINTIFF

76.     The defendant ALTERNATIVE LOAN TRUST 2007-OA7 with knowledge it did not have the right to enforce the promissory note or mortgage and that it did not posses the mortgage file or the original documents and had no actual assignment of authority from COUNTRYWIDE HOMES, caused its agent trustee THE BANK OF NEW YORK MELLON and its agent law firm South and Associates, PC to file an action for foreclosure in the Johnson County, Kansas District Court, styled *The Bank Of New York  v. Jeffrey A. Basler*, Case No. 10cv1749.

77.     The defendant ALTERNATIVE LOAN TRUST 2007-OA7 and its agent trustee THE BANK OF NEW YORK MELLON and its agent law firm South and Associates, PC failed to get personal service on

12

the plaintiff's predecessor in interest Jeffrey A. Basler for the foreclosure action Case No. 10CV1749 even

though he resided at an apartment on the Country Club Plaza in Kansas City, Missouri where he

participated in the Western District of Missouri US Bankruptcy Court action where COUNTRYWIDE

HOMES was a leading creditor, and Jeffrey A. Basler continued to work at the job and for the employer

that became a subject of the bankruptcy plan.

78.     The US District Court for The District of New Jersey in a bankruptcy proceeding applying

materially identical state UCC law with Kansas, determined in a finding of fact that COUNTRYWIDE

HOMES engaged in a pattern and practice of retaining mortgage notes and not delivering them to the trusts

as represented by THE BANK OF NEW YORK MELLON in court proceedings, and found that at law, the

Countrywide trust in the same position of ALTERNATIVE LOAN TRUST 2007-OA7 lacked the right to

foreclose or to otherwise enforce the note. See *Kemp v. Countrywide Home Loans, Inc.*, 440 B.R. 624

(Bankr. N.J. 2010).

79.     The State of Kansas recognizes that personal service is required under the14th Amendment to the

United States Constitution and § 2 of the Bill of Rights of the Kansas Constitution when the address of the

defendant is known:

> "Where the names and addresses of adverse parties are known or easily ascertainable, notice of
> pending proceedings by publication service, alone, is not sufficient to satisfy the requirements of
> due process under the 14th Amendment to the federal Constitution or § 2 of the Bill of Rights of the
> Kansas Constitution.' (Syl. 6.)"

> *Weaver v. Frazee*, 547 P.2d 1005, 219 Kan. 42 at 46-47 (Kan., 1976) citing *Pierce v. Board of*

*County Commissioners*, 200 Kan. 74, 434 P.2d 858.

80.     The plaintiff Bret D. Landrith, a citizen of the State of Kansas was an arm's-length buyer in good

faith of the property which is the subject of this litigation, lot 330, Leawood Estates, a subdivision in

Leawood, Johnson County, Kansas, according to the recorded plat thereof, commonly known as 9743

Sagamore Road, Leawood, KS 66206.

81.     The plaintiff Bret D. Landrith in an Affidavit of Verification for the leading Notice of Successor in

Interest And Motion For Extension of Time to Answer verified the facts known to the plaintiff for the

Johnson County District Court foreclosure actions and known directly to the plaintiff supporting this

lawsuit.

13

82     The plaintiff went in person to check the Johnson County, Kansas registration of deeds in person and determined Jeffery Allan Basler was the registered owner.

83.     The plaintiff checked the Johnson County civil action database for a foreclosure action against Basler and did not see it, where the database returned file entries containing the name "Basler" and the foreclosure case was excluded.

84.     The plaintiff went to the address of record in the W.D. of Missouri Bankruptcy action filed by Basler, an apartment on the Country Club Plaza in Kansas City, Missouri and contacted Basler about purchasing lot 330, Leawood Estates.

85.     The plaintiff was told by Jeffery Allan Basler that he did not know whether there was a foreclosure or not.

86.     Later in a motion to strike all filings by the plaintiff Bret D. Landrith in *The Bank Of New York v. Jeffrey A. Basler*, Case No. 10cv1749, including the timely motion to set aside the foreclosure sale obtained by default where service was by publication under K.S.A. 60-309, ALTERNATIVE LOAN TRUST 2007-OA7 through its agent SOUTH AND ASSOCIATES, PC and attorney Adrienne E. Strecker stated that service of process was not obtained on Jeffery Allan Basler and the judgment of foreclosure was obtained only through publication.

## COUNT I
## RACKETEERING IN VIOLATION OF 18 U.S.C. § 1962(c)

The plaintiff hereby brings an allegation of racketeering against the defendants for violating 18 U.S.C. § 1962(c), and makes the following averments that the defendants alleging the defendants committed the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

The plaintiff hereby incorporates the averments of facts in this complaint and its attachments.

### (1) conduct

BANK OF AMERICA was suffering the risk of being exposed for is frauds regarding mortgages around the nation and the securitization of shares of trusts including certificates of ALTERNATIVE LOAN TRUST 2007-OA7 sold to investors as being secured with the plaintiff's house and land in Leawood, Kansas.

14

MBIA Inc.,the insurer of some of the mortgage backed securities including the ALTERNATIVE

LOAN TRUSTS created by CWALT, Inc. under State of New York trust law at BANK OF NEW YORK

MELLON brought an action against BANK OF AMERICA entitled *MBIA Insurance Corp. v. Countrywide*

*Home Loans, Inc., Countrywide Securities Corp., and Countrywide Financial Corp* in New York Supreme

Court for $1.4 billion dollars in damages resulting from BANK OF AMERICA fraudulently inducing it to

insure the risky mortgage-backed securities.

MBIA, Inc. accused Countrywide of misrepresenting the quality of underwriting for about

368,000 loans backing 15 financings it insured between 2005 and 2007, appearing to include

ALTERNATIVE LOAN TRUST 2007-OA7.

MBIA, Inc. said it would not have provided the insurance had it known how the loans were

underwritten.

**(a) defendants have participated in the operation or management of the enterprise itself**

MBIA, Inc.'s litigation has revealed that COUNTRYWIDE maintained a fraud-tracking database,

known as FACTS, that was "not previously known to exist" to the insurer and on information and belief

BANK OF AMERICA used the FACTS database to transfer the invalid debts of COUNTRYWIDE

mortgages through CWALT, Inc. including those represented as assigned to ALTERNATIVE LOAN

TRUST 2007-OA7, including the plaintiff's house and land in Leawood, Kansas for securitization and

marketing as mortgage backed securities and thereby profit from COUNTRYWIDE's frauds related to

origination and purchasing of mortgages for resale to hedge funds and other institutional investors.

On information and belief BANK OF AMERICA assisted COUNTRYWIDE's remaining staff in

reselling the photocopies of the mortgages as unsecuritized mortgages through CWALT, Inc.'s "transfer"

of the counterfeit mortgages to the ALTERNATIVE LOAN TRUSTS created at BANK OF NEW YORK

MELLON.

BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc. have used

CATHERINE A. REIN in her role as Audit Committee Chairman of THE BANK OF NEW YORK

MELLON and KPMG LLP in its role as the independent auditor to operate THE BANK OF NEW YORK

MELLON as an instrumentality for the mortgage backed security frauds during the removal of THE BANK

OF NEW YORK MELLON CEO and without oversight from the bank's directors, shareholders and the State of New York financial regulators.

### (b) defendants have a nexus of conduct participating in the enterprise's affairs

The majority of assets carried on the books of THE BANK OF NEW YORK MELLON are securities instruments that derive their value from BANK OF AMERICA and the COUNTRYWIDE entities created mortgage backed securities including the trusts created by CWALT, Inc.

In excess of the hundreds of thousands of residential mortgages and promissory notes represented as backing the trusts created by CWALT, Inc. and as the capital entrusted to THE BANK OF NEW YORK MELLON and carried as THE BANK OF NEW YORK MELLON's assets, the mortgage backed securities are repeatedly leveraged in credit default swap instruments and other derivatives that are the security THE BANK OF NEW YORK MELLON as it makes financial transactions on exchanges throughout the world where it acts as trustee for the margin assets of its clients' financial speculation and in trades intended to manage the risks its entire capital is subjected to on a daily basis.

### (i) 'by means of, by consequence of, by reason of, by the agency of, or by the instrumentality of'

The RICO enterprise associates CATHERINE A. REIN in her role as Audit Committee Chairman of THE BANK OF NEW YORK MELLON and KPMG LLP in its role as the independent auditor have to endorse and sign weekly and quarterly securities and banking regulatory filings that omit the liability of the RICO enterprise and to cover for the underlying absence of value in the highly leveraged mortgage backed securities that CATHERINE A. REIN in her role as Audit Committee Chairman of THE BANK OF NEW YORK MELLON and KPMG LLP in its role as the independent auditor know did not have mortgages, promissory notes or the authority to enforce the obligations transferred to them, and which at law are worthless.

The illusion of security interests in the hundreds of thousands of homes that are represented in regulatory filings as backing the BANK OF AMERICA and COUNTRYWIDE "assets" transferred through CWALT, Inc. to trusts in THE BANK OF NEW YORK MELLON as in the case of ALTERNATIVE LOAN TRUST 2007-OA7, which is misrepresented as including the plaintiff's house and land in Leawood,

16

Kansas is maintained by having large law firms including the defendants BRYAN CAVE LLP and SOUTH & ASSOCIATES, P.C. make unsupported and uninvestigated foreclosure filings on behalf of the RICO enterprise.

### (ii) a pattern of racketeering activity

THE BANK OF NEW YORK MELLON RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc., and the fraudulent trusts they created including ALTERNATIVE LOAN TRUST 2007-OA7,CATHERINE A. REIN and KPMG LLP have participated in a continuing pattern of racketeering activity for over two years that includes acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 which are predicate crimes under 18 U.S.C. § 1961(1)(A) civilly actionable under 18 U.S.C. § 1962(c).

### (2) of an enterprise

The plaintiff hereby alleges THE BANK OF NEW YORK MELLON is an "enterprise" subjected to the racketeering control of the defendants for use as an instrumentality, violating 18 U.S.C. § 1962(c).

The plaintiff hereby alleges THE BANK OF NEW YORK MELLON as controlled by the defendants is "(1) [an] ongoing organization with a decision-making framework or mechanism for controlling the group, (2) that the various associates function as a continuing unit, and (3) that the enterprise exists separate and apart from the pattern of racketeering activity:

#### (1) [an] ongoing organization with a decision-making framework for controlling the group,

After being infiltrated and controlled by the RICO defendants as a racketeering enterprise, the nominal defendant BANK OF NEW YORK MELLON as a trustee breached its fiduciary duties under New York State common law, in the course of administering the trusts including ALTERNATIVE LOAN TRUST 2007-OA7 and in concluding a settlement with BANK OF AMERICA that included an unenforceable (for its illegality) indemnification BANK OF NEW YORK MELLON.

BANK OF NEW YORK MELLON as a trustee and BANK OF AMERICA have clear and obvious conflicts of interest yet concluded the settlement for indemnification.

BANK OF AMERICA aided and abetted BANK OF NEW YORK MELLON's breach of

17

fiduciary duty to the trusts including ALTERNATIVE LOAN TRUST 2007-OA7 and "the Certificate Holders" furthering the misrepresentation and frauds that led to the fraudulent filing for foreclosure on the plaintiff's home and land when CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-OA7 and "the Certificate Holders" never had a legal interest in the plaintiff's property.

BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc. relied on CATHERINE A. REIN in her role as Audit Committee Chairman of THE BANK OF NEW YORK MELLON and KPMG LLP in its role as the independent auditor to conceal the liability THE BANK OF NEW YORK MELLON from THE BANK OF NEW YORK MELLON's directors, shareholders and the State of New York financial regulators had;

First, in servicing assets that were an overwhelming percentage of its trust holdings but did not in fact exist as legal assets;

Second, in the securities fraud liability for THE BANK OF NEW YORK MELLON officials signing the securitization instruments and regulatory filings certifying the timely transfer of the mortgages, promissory notes and authority to enforce the interests to the CWALT, Inc. trusts including ALTERNATIVE LOAN TRUST 2007-OA7 to the "Certificateholders" and in criminal and civil fines from state and federal regulatory authorities;

Third, in the liability for wrongful foreclosure and conversion of hundreds of thousands of homeowner's property around the nation;

All of which exceed the capital assets of THE BANK OF NEW YORK MELLON enterprise.

KPMG LLP in its role as the independent auditor has repeatedly deceived the "Certificateholders" and shareholders of THE BANK OF NEW YORK MELLON regarding the liabilities and lack of capital resulting from the defendants' fraud related to the securitization of the counterfeit mortgages and the failure to transfer secured interests in houses and land to the mortgage backed securities.

KPMG LLP in its role as the independent auditor and certified accountant for THE BANK OF NEW YORK MELLON misrepresented the liabilities resulting from COUNTRYWIDE originated and purchased mortgages that are represented to have been transferred through CWALT, Inc. to trusts including ALTERNATIVE LOAN TRUST 2007-OA7 in each annual report and quarterly statement filed by THE BANK OF NEW YORK MELLON from 2007 through 2011.

18

The defendant SOUTH & ASSOCIATES, P.C. is a volume, low cost foreclosure provider in the State of Kansas doing a substantial amount of foreclosure cases on COUNTRYWIDE originated and purchased mortgages that are represented to have been transferred through CWALT, Inc. to trusts including ALTERNATIVE LOAN TRUST 2007-OA7and where THE BANK OF NEW YORK MELLON is trustee.

The defendant SOUTH & ASSOCIATES, P.C. makes all decisions regarding filings or representations to State of Kansas courts regarding the defendants' foreclosure actions SOUTH & ASSOCIATES, P.C. has undertaken to represent the defendants in, including the action against the plaintiff's house and land and in the subsequent responses to pleadings made by the plaintiff.

The defendant BRYAN CAVE LLP is a volume, low cost foreclosure provider for the defendants in many jurisdictions around the nation and on information and belief, provides the defendants foreclosure services on COUNTRYWIDE originated and purchased mortgages that are represented to have been transferred through CWALT, Inc. to trusts including ALTERNATIVE LOAN TRUST 2007-OA7and where THE BANK OF NEW YORK MELLON is trustee with flat rate foreclosures in the State of Kansas.

On information and belief, the defendant BRYAN CAVE LLP is losing large sums of money on from the under estimate of the legal services and hours of attorney time to adequately represent the defendants' foreclosures in Kansas.

The defendant BRYAN CAVE LLP made all legal decisions regarding the responses to the plaintiff's filings in the State of New York, repeatedly evidencing acting in the furtherance of the defendants' control of THE BANK OF NEW YORK MELLON as a RICO enterprise to cover up BANK OF AMERICA and COUNTRYWIDE's frauds and not representing THE BANK OF NEW YORK MELLON itself as shown through the defendant BRYAN CAVE LLP's:

(1) lack of coordination with SOUTH & ASSOCIATES, P.C. despite the duty to do so in relationship to the conduct in Johnson Coutny Court to avoid judicial estoppel;

(2) lack of knowledge of THE BANK OF NEW YORK MELLON's principals or employees in relationship to receipt of service of process where the defendant BRYAN CAVE LLP had a duty to provide their affidavits in support to its opposition to proper service (later conceded);

(3) representing THE BANK OF NEW YORK MELLON with knowledge of the obvious conflict of interest with co-defendant ALTERNATIVE LOAN TRUST 2007-OA7 alleged in the action to have defrauded their trustee THE BANK OF NEW YORK MELLON to procure the fraud on the Kansas court.

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY is a realtor listing a substantial number of the defendants' foreclosed properties, as does REALTY EXECUTIVES the franchise parent based in Arizona.

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY makes all decisions regarding the policy of his agents in advertising and representing the plaintiff's house and land as for sale.

### (2) that the various associates function as a continuing unit,

KPMG LLP in its role as the independent auditor and certified accountant for THE BANK OF NEW YORK MELLON has not corrected or disclosed its misrepresentations of liabilities resulting from the defendants' enterprise to market fraudulent securities and to wrongfully foreclose and convert thousands of homes around the nation, including the plaintiff's.

BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc. are working through CATHERINE A. REIN in her role as Audit Committee Chairman of THE BANK OF NEW YORK MELLON and KPMG LLP in its role as the independent auditor are furthering the RICO enterprise by representing that THE BANK OF NEW YORK MELLON's civil liabilities resulting from the defendants' criminal racketeering conduct can be settled through BANK OF AMERICA and the COUNTRYWIDE entities' control of THE BANK OF NEW YORK MELLON to violate its duties as a trustee in an action on behalf of its trusts' investors and implementation of a unilateral $8.5 Billion Dollar settlement with the "Certificateholders."

The defendant SOUTH & ASSOCIATES, P.C. did not answer or address the plaintiff's pleadings to set aside the foreclosure giving SOUTH & ASSOCIATES, P.C. substantiated notice of the defendants ongoing racketeering scheme.

The defendant SOUTH & ASSOCIATES, P.C. procured an order striking the plaintiff's filings by affirmatively perpetuating the defendants' misrepresentations that CWALT, Inc., ALTERNATIVE LOAN

TRUST 2007-OA7 the "Cerificateholders" and their trustee THE BANK OF NEW YORK MELLON had standing to foreclose on the plaintiff's house and land, after receiving substantiated notice of the fraud on the court.

The defendant SOUTH & ASSOCIATES, P.C. has filed a second motion to strike and has not withdrawn its earlier pleadings or misrepresentations to the Johnson County District Court as it is obligated to under the Kansas Rules of Professional Conduct.

The defendant BRYAN CAVE LLP procured an order of dismissal without prejudice for forum *non conveniens*, in favor of the defendants request for a Kansas venue, in the New York County Supreme action brought by the plaintiff that violates judicial estoppel.

The defendant BRYAN CAVE LLP procured an order of dismissal in furtherance of the defendants' enterprise to obstruct justice prevent the plaintiff from enjoying his rights to the plaintiff's house and land, despite BRYAN CAVE LLP's substantiated notice that the defendants had procured the foreclsure through fraudulently misrepresenting legal standing to foreclose on COUNTRYWIDE originated and purchased mortgages that are represented to have been transferred through CWALT, Inc. to trusts including ALTERNATIVE LOAN TRUST 2007-OA7and where THE BANK OF NEW YORK MELLON is the trustee.

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY has knowledge of the defendants' fraud and continuing injury to the plaintiff's business and property yet does not withdraw the marketing of the plaintiff's house and land and continues to represent the same as being lawfully for sale.

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY has changed the locks on the plaintiff's house and business office and deprives the plaintiff of entry into the plaintiff's house.

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY has placed an enforced a hold of the plaintiff's business and personal mail from going to the plaintiff's house, even mail resulting from the State of New York and State of Kansas litigation where the plaintiff was seeking to protect his rights to the house and land.

**(3) that the enterprise exists separate and apart from the pattern of racketeering activity**

BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.'s continuing conduct to obtain profits and payments from the mortgages that were sold to other parties before BANK OF AMERICA acquired the COUNTRYWIDE entities including CWALT, Inc. is independent of the survival of THE BANK OF NEW YORK MELLON.

BANK OF AMERICA and the COUNTRYWIDE entities utilize BANK OF AMERICA's status as "too big to fail" and its repeated bail outs by the United States government to commit the securitization crimes that injure homeowners including the plaintiff while having a reasonable expectation that even if the state bank THE BANK OF NEW YORK MELLON is prosecuted or destroyed from the defendants' conduct, the trusts themselves and the enterprise will continue to collect the false debts and make frauds on courts to enforce the notes.

BANK OF AMERICA and the COUNTRYWIDE entities could easily replace THE BANK OF NEW YORK MELLON with the trust and asset management services of Deutsche Bank National Trust Company.

The defendants SOUTH & ASSOCIATES, P.C. and BRYAN CAVE LLP can continue their volume, low cost foreclosure legal services on COUNTRYWIDE originated and purchased mortgages that are represented to have been transferred through CWALT, Inc. to trusts including ALTERNATIVE LOAN TRUST 2007-OA7 with a substitute trustee such as Deutsche Bank National Trust Company.

KPMG LLP can and appears to already use its position as an independent auditor for institutional investors and competing financial service providers including other banks to place the fraudulent securities of BANK OF AMERICA from the takeover of COUNTRYWIDE including certificates in the trusts created by CWALT, Inc. and can continue participating and enjoying the rich benefits and profits of the enterprise after the demise THE BANK OF NEW YORK MELLON.

CATHERINE A. REIN, while a human associate in the RICO enterprise and not an artificial entity that is immune from jail time could likely enjoy some the profits of her conduct to direct and control the affairs of THE BANK OF NEW YORK MELLON as a first time offender in what under the facts of the complaint is a white collar crime.

### (3) through a pattern

The RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.; ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY operated the RICO enterprise though a pattern of predicate acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

### (a) defendants committed more than two predicate acts of racketeering activity within ten years

The RICO enterprise associates CATHERINE A. REIN and KPMG LLP made quarterly SEC filings from 2007 through 2011 on behalf of THE BANK OF NEW YORK MELLON that fraudulently misrepresented the lack of security interests to secure the COUNTRYWIDE trusts through omission.

The RICO enterprise associates CATHERINE A. REIN and KPMG LLP made fraudulent quarterly SEC filings from 2007 through 2011 on behalf of THE BANK OF NEW YORK MELLON to further the RICO enterprise goals of committing fraud on courts in baseless foreclosure actions including the action against the plaintiff's property.

The RICO enterprise associates CATHERINE A. REIN and KPMG LLP's quarterly SEC filings from 2007 through 2011 on behalf of THE BANK OF NEW YORK MELLON were communicated to THE BANK OF NEW YORK MELLON shareholders, the SEC and the New York Secretary of State Financial Division through mail and electronically (wire) in violation of 18 U.S.C. §§ 1341 and 1343.

BRYAN CAVE LLP communicated the filings of SOUTH & ASSOCIATES, P.C. on behalf of THE BANK OF NEW YORK MELLON RICO enterprise that affirmatively misrepresented the THE BANK OF NEW YORK MELLON RICO enterprise defendants' standing to foreclose.

### (b) the racketeering predicates are both related and continuous

Bryan Cave LLP attorneys Suzanne M. Berger and Elizabeth Rose Kukura's Motion to Dismiss on the grounds of *forum non conveniens* pursuant to CPLR 327 and attachments electronically filed with the court and transmitted to the plaintiff (wire) on 02/15/2012 affirmatively

23

continued the misrepresentation of standing to foreclose by SOUTH & ASSOCIATES, P.C. and THE

BANK OF NEW YORK MELLON RICO enterprise to Hon. Judge Ellen Coin, the New County York

Supreme Court and the plaintiff

Bryan Cave LLP attorneys Suzanne M. Berger and Elizabeth Rose Kukura's Memorandum Of Law

In Opposition to the plaintiff's motion for default judgment electronically filed with the court and

transmitted to the plaintiff (wire) on 02/28/2012  affirmatively continued the misrepresentation of standing

to foreclose by THE BANK OF NEW YORK MELLON RICO enterprise to Hon. Judge Ellen Coin, the

New County York Supreme Court and the plaintiff and omitted the legitimate THE BANK OF NEW

YORK MELLON employee affidavits having first hand knowledge of service of process and the records of

the COUNTRYWIDE trusts that were required to oppose the default.

Below, the plaintiff details the continuing mail and wire communications by SOUTH &

ASSOCIATES, P.C. to misrepresent the standing to foreclose by SOUTH & ASSOCIATES, P.C. and THE

BANK OF NEW YORK MELLON RICO enterprise that the Johnson County District Court judge relied on

resulting in injury to the plaintff.

### (4) of racketeering activity

The plaintiff hereby alleges the defendants controlled the enterprise THE BANK OF NEW YORK

MELLON and caused it to commit a pattern of racketeering activity in interstate and foreign commerce.

### (a) the existence of "an enterprise,"

The plaintiff hereby alleges THE BANK OF NEW YORK MELLON is an "enterprise."

THE BANK OF NEW YORK MELLON was a RICO enterprise under the control of the

defendants when the plaintiff purchased the house and land in Leawood, Kansas.

### (b) which was "engaged in activities affecting interstate or foreign commerce,"

THE BANK OF NEW YORK MELLON as a RICO enterprise participates in the trade of

securitized instruments including the trust certificates identified in this complaint that purport to be secured

with authority to enforce mortgages and promissory notes including ALTERNATIVE LOAN TRUST 2007-OA7 that never received a transfer of rights from COUNTRYWIDE.

THE BANK OF NEW YORK MELLON as a RICO enterprise participates in the trade of securitized instruments including the trust certificates identified in this complaint with parties around the world and on foreign securities exchanges.

THE BANK OF NEW YORK MELLON as a RICO enterprise represents to courts in many states that it has the authority to enforce mortgages and promissory notes including ALTERNATIVE LOAN TRUST 2007-OA7 that never received a transfer of rights from COUNTRYWIDE.

#### (c) which the defendants are "associated with or employed by,"

THE BANK OF NEW YORK MELLON as a RICO enterprise is associated with or employs the RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc., and the fraudulent trusts they created including ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; and BRYAN CAVE LLP.

#### (d) that the defendants " knowingly ... conduct[ed] ... a pattern of racketeering activity,"

The RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc., and the fraudulent trusts they created including ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; and BRYAN CAVE LLP knowingly conducted a pattern of racketeering activity utilizing THE BANK OF NEW YORK MELLON as a RICO enterprise.

#### (e) the defendants "knowingly conducted, or participated directly or indirectly in the conduct of, the enterprise through that pattern of racketeering activity.

The plaintiff was injured in his business and property by reason of violations of section 1962. Section 1962(c) as established below as to each individual defendant.

The plaintiff was injured in his business and property by predicate acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

The Defendants employed the Postal Service and/or private or commercial interstate carriers and/or interstate communications to send communications misrepresenting the material facts and controlling legal precedent.

The criminal activity, under 18 USC § 1341 is, "whoever having devised or intended to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises. . . for the purpose of executing such scheme or artifice ... places in any post office or authorized depository for mail, any matter or thing to be sent or delivered by the Post Office" commits a federal offense.

### I. Mail And Wire Fraud On The Johnson County, Kansas District Court

1.       The defendants initiated and prosecuted a foreclosure proceeding in Johnson County, District Court in the name of "The Certificateholders" (a fictitious characterization of purchasers of BANK OF AMERICA and COUNTRYWIDE trust shares that were falsely marketed as mortgage backed securities ); CWALT, Inc., and ALTERNATIVE LOAN TRUST 2007-OA7 through the trustee BANK OF NEW YORK MELLON.

2.       On information and belief, the trustee BANK OF NEW YORK MELLON did not give an amount approximating $715,000.00 for the property described as lot 330, Leawood Estates, a subdivision in Leawood, Johnson County, Kansas, according to the recorded plat thereof, commonly known as 9743 Sagamore Road, Leawood, KS 66206 (the "Property") to purchase the property as it misrepresented in fraud to the Johnson County District Court on April 28, 2011 in its motion to confirm the sale entered in the appearance docket as "04/28/2011FILE STAMP 04/27/11, MOTION TO CONFIRM SHERIFF'S SALE W/ATTACHED SHERIFF'S RETURN AND ITEMIZATION OF JUDGMENT" filed by US Mail and/ or through wire transmission.

3.       On information and belief, the trustee BANK OF NEW YORK MELLON did not return to the promissory note maker and mortgage note maker Jeffery Allan Basler as it would have to in order to have obtained the property in an exchange of value to purchase the property as it misrepresented in fraud to Johnson County District Court on April 28, 2011 in its motion to confirm the sale entered in the appearance docket as "04/28/2011FILE STAMP 04/27/11, MOTION TO CONFIRM SHERIFF'S SALE

W/ATTACHED SHERIFF'S RETURN AND ITEMIZATION OF JUDGMENT" filed by US Mail and/ or
through wire transmission.

#### (1) the defendants' misrepresentation to the Johnson County District Court

4.      The Johnson County District Court was deceived by COUNTRYWIDE and its BANK OF
AMERICA parent in using the subsidiary CWALT, Inc. to establish trusts under State of New York trust
law without delivering the mortgage, promissory note or mortgage loan file or any valid authority to
enforce secured interests to the trusts including ALTERNATIVE LOAN TRUST 2007-OA7 administered
and represented by the defendants and securitization trustee BANK OF NEW YORK MELLON when the
BANK OF NEW YORK MELLON through its agent SOUTH AND ASSOCIATES, PC misrepresented to
this court that BANK OF NEW YORK MELLON as trustee for ALTERNATIVE LOAN TRUST 2007-
OA7 and CWALT, Inc. had standing to enforce the promissory note and mortgage in an action for
foreclosure on or about February 25, 2010 in a petition to foreclose filed with the court and appearing on
the docket as "02/25/2010FILE STAMP 2/24/2010, PETITION TO FORECLOSE MORTGAGE" filed by
US Mail and/ or through wire transmission.

5.      The plaintiff's state court exhibit Bankruptcy Court Order makes a finding of fact from testimony
of Linda DeMartini a BANK OF AMERICA litigation manager that COUNTRYWIDE notes were not
delivered to the securitization trustee and that COUNTRYWIDE notes were not endorsed prior to
securitization, a requirement to be securitized in the trust and for the trust to have any authority to enforce
the note or foreclose on a mortgage.

6.      The plaintiff's Kansas state court exhibit Supreme Court of New York filing of the BANK OF
NEW YORK MELLON of a proposed settlement executed by BANK OF NEW YORK MELLON and
BANK OF AMERICA specifically identifies ALTERNATIVE LOAN TRUST 2007-OA7 as being a trust
where concerns by security investors over failure to comply with the procedure to transfer the mortgage,
promissory note or mortgage loan file or any valid authority to enforce secured interests to the trust have
resulted in BANK OF NEW YORK MELLON attempting to settle with the investors for Eight and one half
billion dollars.

27

7.     The plaintiff avers that the defendant BANK OF NEW YORK MELLON made the

misrepresentation in pleadings signed by its counsel, the defendant SOUTH AND ASSOCIATES, PC and

delivered by US Mail and wire transmission to the Johnson County, Kansas court and trial court judge that

BANK OF NEW YORK MELLON had standing to enforce the promissory note and to foreclose on the

plaintiffs house and land because of the authority the defendant ALTERNATIVE LOAN TRUST 2007-

OA7 and CWALT, Inc. received from COUNTRYWIDE and BANK OF AMERICA from a mortgage

transferred to it at the formation and securitization of ALTERNATIVE LOAN TRUST 2007-OA7.

#### (2) the impact on the motion as a consequence of that misrepresentation;

8.     The defendants foreclosed on the plaintiff's property in an *in rem* foreclosure proceeding with

publication but not service of process as required under the State and US constitutions and controlling

Kansas Supreme court precedent when the residential address of a party to receive notice is known.

9.     The defendants obtained a judgment of foreclosure through misrepresenting standing and the

authority to foreclose to the court.

10.     The defendants obtained a sheriff's title to the plaintiff's house and land from the impact and as

a consequence of BANK OF NEW YORK MELLON's misrepresentation to the Johnson County, Kansas

court and the trial court judge of its principal CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-

OA7's ownership of the promissory note, receipt of an endorsed mortgage and authority to foreclose.

#### (3) the lack of an opportunity to discover the misrepresentation and either bring it to the court's attention or bring an appropriate corrective proceeding;

11.     The BANK OF NEW YORK MELLON's Motion to Strike the Entry of Appearance, Answer

and Motion to Set Aside Default admits that neither the plaintiff nor his predecessor in interest Jeffery A.

Basler were personally served process for the foreclosure action even though BANK OF NEW YORK

MELLON, CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 knew Jeffery A. Basler's

current residential address in the adjoining State of Missouri.

12.     The defendants obtained an order striking the plaintiff's opportunity to assert his rights and defend his property interest in his house and land for the sole purpose of furthering the defendants' ongoing frauds and preventing their discovery by law enforcement authorities.

13.     The plaintiff is the successor in interest to Jeffery A. Basler through an executed Kansas Statutes Annotated ("K.S.A.") 58-2204 of all rights and duties to the house and land at 9743 Sagamore Road in Leawood, KS 66206.

#### (4) the benefit the defendants derived by inducing the erroneous decision

14.     The defendants through their frauds obtained title to the plaintiff's house and land at 9743 Sagamore Road in Leawood, KS 66206.

15.     The defendants obtained a value of $715,000.00 consisting of promissory note principal and interest proceeds and foreclosure fees and costs that were not the defendants' rightful property and which they did not have authority or standing to obtain.

16.     The defendants obtained insurance repayment of the principal from a false claim against the US Treasury via a Fannie Mae loan guarantee and loan servicing agreement for approximately $700,000.00

17.     The defendants obtained for BANK OF AMERICA concealment of an earlier transaction whereby on information and belief COUNTRYWIDE sold the promissory note and mortgage to a third party hedge fund for multiple fraudulent re-securitizations in foreign markets as part of a continuing racketeering enterprise control group comprised of BANK OF AMERICA and CWALT, Inc. using ALTERNATIVE LOAN TRUST 2007-OA7 and the other trusts to defraud BANK OF NEW YORK MELLON and foreseeably injure the defendant.

### II. Facts Related To The Wanton Conduct Of The Defendants

18.     Before seeking to strike the plaintiff's answer and motion to set aside the foreclosure in this court, the defendants knew that in the US District Court for The District of New Jersey in a bankruptcy proceeding applying materially identical state UCC law with Kansas, determined in a finding of fact that

COUNTRYWIDE HOMELOAN, INC. engaged in a pattern and practice of retaining mortgage notes and not delivering them to the trusts as represented by THE BANK OF NEW YORK in court proceedings, and found that at law, the trust lacked the right to foreclose or to otherwise enforce the note. See **exhibit 1** *Kemp v. Countrywide Home Loans, Inc.*, 440 B.R. 624 (Bankr. N.J. 2010).

19.     The defendant CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-0A7 caused its agent BANK OF NEW YORK MELLON through fraudulent misrepresentations to BANK OF NEW YORK MELLON to list and publicize for sale the plaintiff's Leawood, Kansas home that neither CWALT, Inc. or ALTERNATIVE LOAN TRUST 2007-0A7 or its agent trustee, the BANK OF NEW YORK MELLON own after the defendants were served and entered an appearance waiving objection to service in the State of New York legal action.

20.     ALTERNATIVE LOAN TRUST 2007-0A7 has knowledge that it gave no funds, mortgage note or any value for the Sheriff's title as part of a racketeering conspiracy it is operating for BANK OF AMERICA/COUNTRYWIDE in many states.

21.     CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-0A7 caused their agent the BANK OF NEW YORK MELLON to list and publicize for sale the plaintiff's Leawood, Kansas home, knowing that neither CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-0A7 or the BANK OF NEW YORK MELLON gave funds in excess of $700,000.00 to purchase the plaintiff's Leawood, Kansas home as the defendants caused to be represented as fact to the court and the sheriff, and knowing that neither ALTERNATIVE LOAN TRUST 2007-0A7 or the BANK OF NEW YORK MELLON returned the mortgage note or promissory note to its maker Jeff Basler the plaintiff's predecessor in interest, and knowing neither ALTERNATIVE LOAN TRUST 2007-0A7 or the BANK OF NEW YORK MELLON gave a thing of material value in exchange for procuring the sheriff's title through fraud.

22.     CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-0A7 and the BANK OF NEW YORK MELLON were responsible for knowing there is a judicial *lis pendens* filed against the property in Johnson County District Court *Bret D Landrith vs Alternative Loan Trust 2007-0A7 Bank Of New York Mellon Trustee For Alternative Loan Trust*, Case no. 11CV10159 on 11/30/2011 which was not been contested.

23.     CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-0A7 and the BANK OF NEW YORK MELLON continue to deprive the plaintiff of the use and enjoyment of his physical and concrete property,

the house and land at 9743 Sagamore Road in Leawood, Kansas and of his business location and its mailing address.

24.     CWALT, Inc., and ALTERNATIVE LOAN TRUST 2007-0A7's continued deliberate, willful and wanton misconduct on behalf of BANK OF AMERICA and COUNTRYWIDE threaten the solvency its agent and trustee BANK OF NEW YORK MELLON, a State of New York financial institution that does not have the assets to compensate homeowners for the massive foreclosure fraud committed by defendant CWALT, Inc. through ALTERNATIVE LOAN TRUST 2007-0A7 and its sister State of New York trusts falsely purporting to be secured by tens of thousands of BANK OF AMERICA and COUNTRYWIDE mortgaged homes across the United States and where the BANK OF NEW YORK MELLON is already desperately trying to settle related liabilities to investors for $8.5 Billion Dollars in the New York County Supreme Court.

25.     ALTERNATIVE LOAN TRUST 2007-0A7 continues the criminal conduct without regard to the laws of the State of New York, the laws of the State of Kansas or its liability to the defendant.

26.     The locus of the injury to the plaintiff by CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-0A7's fraud on the BANK OF NEW YORK MELLON that led to the foreseeable injury to the plaintiff has been determined to be in the State of Kansas. See **exhibit 3** Memorandum and Order By New York County Supreme Court in *Landrith v. Alternative Loan Trust 2007-0A7 and Bank Of New York Mellon* . Index No. 653154/2011.


### III. Related to the Fraud on Johnson County District Court Regarding Standing

27.     The plaintiff incorporated as attachments to the Kansas state relief from judgmet filing two affidavits of evidence made in the New York Supreme Court action in support of judgment by default giving evidence of the fraud used by the defendant's to misrepresent their standing to foreclose homes where they never received the mortgage file, the mortgage note or promissory note or any authority to foreclose on the defendants' home and land. See Affidavit of Bret D. Landrith.


### (5) the Johnson County District Court's justified reliance on the defendant's frauds and misrepresentations

28. In justified reliance on material misrepresentations by CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents, the following rulings under fraud were procured injuring the plaintiff's business and property rights:

29. Hon. Judge James F. Vano was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on 9/21/2010 into issuing an Order of Sale.

30. Hon. Judge James F. Vano was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on 10/21/2010 into issuing an Order of Sale.

31. Hon. Judge James F. Vano was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK and the trust's agents on 1/12/2011 into issuing an Order of Sale.

32. Hon. Judge James F. Vano was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on 2/23/2011 into issuing an Order of Sale.

33. Hon. Judge James F. Vano was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on 03/20/11 into issuing an Order of Sale.

34. Hon. Judge James F. Vano was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on 09/28/2011 into orally issuing an Order to Strike the plaintiff's filings answering the foreclosure and requesting the sale be set aside.

35. The Johnson County, Kansas Sheriff was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents including SOUTH AND ASSOCIATES, PC and Kristen G. Stroehmann on 04/25/11 into certifying a sale of the entirety of the plaintiff's house and land, lot 330, Leawood Estates for consideration from ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON for $715,000.00.

32

36.    The Johnson County, Kansas Sheriff was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on 04/25/11 into issuing a certificate of purchase certifying a sale of the entirety of the plaintiff's house and land, lot 330, Leawood Estates for consideration from ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON for $715,000.00.

37.    The Johnson County Department of Records & Tax Administration (the county registrar of deeds) was deceived by material misrepresentations of fact by the defendants CWALT, Inc. and ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON and the trust's agents on or about 04/25/11 into recording a certificate of purchase of the entirety of the plaintiff's house and land, lot 330, Leawood Estates for consideration from CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-OA7 and its trustee BANK OF NEW YORK MELLON for $715,000.00.

38.    Hon. Judge James F. Vano reasonably relied on CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-OA7 and BANK OF NEW YORK MELLON's asserted standing to foreclose after the plaintiff answer gave notice of the alleged frauds on the court because under State of Kansas law, the consequences including the forfeiture of SOUTH AND ASSOCIATES, PC's charter with Kansas Secretary of State Kris W. Kobach and disciplinary action by the State of Kansas Office of Attorney Discipline Administrator Stanton A. Hazlett against Alan South, the supervising attorneys for Brian P. Hazel and Adrienne E. Strecker would be too inconceivable of a risk for Hon. Judge James F. Vano to doubt that CWALT, Inc., ALTERNATIVE LOAN TRUST 2007-OA7 and BANK OF NEW YORK MELLON had not addressed the plaintiff's allegations with further assurances to Alan South that the assertion of standing was not fraudulent.

**IV. Related to the Fraud on Johnson County District Court To Strike K.S.A. 60-255(b) Motion**

39.    Adrienne E. Strecker KS #23540 of SOUTH AND ASSOCIATES, PC as agents of BANK OF NEW YORK MELLON; The Certificateholders; CWALT, Inc.; and ALTERNATIVE LOAN TRUST 2007-0A7, made a misrepresentation of law to the court in her motion entitled Plaintiff's Motion to Strike Bret D. Landrith's Motions for Extension of Time To Answer and Motion to Set Aside Judgment (under

33

K.S.A. 60-255(b) ) filed on September 14, 2011 (Affidavit Exhibit 6) and sent through the US Mail filed by

US Mail and through wire transmission on page 2, ¶ 10 where she states that:

"Bret D. Landrith's pleadings should be stricken as he has no valid interest in the Property, is not a
named party and has no standing to challenge this foreclosure."

40. The controlling law for our jurisdiction Adrienne E. Strecker KS #23540 is responsible for

knowing that whether the defendant (Bret D. Landrith) was or was not a party did not excluded the

defendant Landrith from K.S.A. 60-255(b) relief and who under the facts acknowledged by Adrienne E.

Strecker KS #23540 ¶¶ 8 and 9 on page 2 of Affidavit Exhibit 6 was in privity with the foreclosure

defendant Jeffery Allan Basler in from K.S.A. 60-255(b) relief under *Landmark Nat. Bank v. Kesler*, 216

P.3d 158, 289 Kan. 528 (Kan., 2009):

"The statutory provision for setting aside a default judgment is K.S.A. 60-255(b), which refers to
K.S.A. 60-260(b), relating to relief from judgment, in a manner similar to the correlation between
the corresponding federal rules, Fed. R. Civ. Proc. 55(c) and 60(b). K.S.A. 60-260(b) allows relief
from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered
evidence that could not have been timely discovered with due diligence; fraud or misrepresentation;
a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable;
or any other reason justifying relief from the operation of the judgment. K.S.A. 60-260(b) requires
that the motion be made by a party or by a representative who is in privity with a party, thus
precluding a nonparty of standing to file such a motion. **K.S.A. 60-255(b) does not, however,
require that the movant be a party to the action**. See 11 Wright, Miller & Kane, Federal Practice
& Procedure: Civil 2d § 2865 (1995)."[Emphasis added]
*Landmark Nat. Bank v. Kesler*, 216 P.3d 158 at 163, 289 Kan. 528 (Kan., 2009).

## V. Absence of Petition Clause Immunity For the Defendant Law Firms' Conduct

No Petition Clause or *Noer-Pennington* based immunity exits for the defendants SOUTH &

ASSOCIATES, P.C. and BRYAN CAVE LLP pleadings filed in the State of Kansas and State of New

York courts in response to the plaintiff's motions and petition.

The above identified misrepresentations of controlling precedent and material facts related to the

plaintiff's standing and venue choice were transmitted to the respective courts and the plaintiff via mail and

wire fraud predicate acts by the person on the date and place the identified misrepresentations were

communicated.

### 1. Law Firm defendants took part in directing the enterprise's affairs

The RICO enterprise associate defendant SOUTH & ASSOCIATES, P.C. controlled the litigation

in response to the plaintiff's filings in Johnson County Court.

The RICO enterprise associate defendant BRYAN CAVE LLP controlled the litigation in response to the plaintiff's filings in the New York County Supreme Court.

### 2.     Law Firm defendants substantially involved in the affairs of the enterprise

The RICO enterprise could not function without the willingness of a few law firms including the RICO enterprise associate defendants SOUTH & ASSOCIATES, P.C. and BRYAN CAVE LLP to disregard their professional rules of conduct in their respective jurisdictions.

The RICO enterprise could not function without the willingness of a few law firms including the RICO enterprise associate defendants SOUTH & ASSOCIATES, P.C. and BRYAN CAVE LLP to compromise their respective judges through misrepresentations to the tribunal and failure to withdraw or correct their pleadings once they have received notice as they are required to under the rules of professional conduct.

### 3.     The foreclosure lawsuits are objectively baseless and shams

The corrupt control of THE BANK OF NEW YORK MELLON by the RICO enterprise relies on the RICO enterprise associate defendants SOUTH & ASSOCIATES, P.C. and BRYAN CAVE LLP to procure fraudulent outcomes.

#### (i) no reasonable litigant could realistically expect success on the merits

The foreclosure actions filed by SOUTH & ASSOCIATES, P.C. in the State of Kansas on behalf of the THE BANK OF NEW YORK MELLON RICO enterprise to perpetuate the COUNTRYWIDE fraud for further profit by BANK OF AMERICA and to avoid discovery of the securities laws violations and liability is unreasonable.

The foreclosure actions filed by BRYAN CAVE LLP around the nation on behalf of the THE BANK OF NEW YORK MELLON RICO enterprise to perpetuate the COUNTRYWIDE fraud for further profit by BANK OF AMERICA and to avoid discovery of the securities laws violations and liability is unreasonable.

The foreclosure actions filed by BRYAN CAVE LLP and SOUTH & ASSOCIATES, P.C on behalf of the THE BANK OF NEW YORK MELLON RICO enterprise seek to convert homeowner's property unlawfully and through fraud.

The legitimate entity, THE BANK OF NEW YORK MELLON had no reason to believe a motion to set aside a foreclosure could be ignored and then responded to by a sham motion to strike mistaking the plaintiff for an intervenor despite the facts and notice provided by the plaintiff's filings.

The legitimate entity, THE BANK OF NEW YORK MELLON had no reason to know that the attorney for SOUTH & ASSOCIATES, P.C. and the trial court judge could ignore the respective disciplinary rules applicable to nullifying the State of Kansas Quit Claim statute without argument at law supporting nullifying the statute.

The legitimate entity, THE BANK OF NEW YORK MELLON had no reason to believe that another SOUTH & ASSOCIATES, P.C. attorney with service of notice and full knowledge of how the first motion to strike violated the plaintiff's rights under the US and Kansas constitutions and violated the express holding of the Kansas Supreme Court in *Landmark Nat. Bank v. Kesler*, 216 P.3d 158 at 163, 289 Kan. 528 (Kan., 2009) would file a second sham motion to strike instead of answering the plaintiff's motion for relief from judgment for fraud.

#### (ii) the lack of merit is concealed from the court

The foreclosure actions filed by SOUTH & ASSOCIATES, P.C. in the State of Kansas on behalf of the THE BANK OF NEW YORK MELLON RICO enterprise including the foreclosure filed against the plaintiff's property in Leawood, Kansas conceal the entire absence of standing by the CWALT, Inc. trusts where the mortgage note, promissory note and authority to enforce the indebtedness was never transferred to the trusts including ALTERNATIVE LOAN TRUST 2007-0A7 under State of New York trust law.

The motion to strike the plaintiff's answer to foreclosure and motion to set aside the foreclosure for lack of personal service filed by SOUTH & ASSOCIATES, P.C. in the State of Kansas on behalf of the THE BANK OF NEW YORK MELLON RICO enterprise furthered the concealment of the THE BANK OF NEW YORK MELLON RICO enterprise's lack of standing where ALTERNATIVE LOAN TRUST 2007-0A7 never received a property interest or security interest in the plaintiff's property.

36

SOUTH & ASSOCIATES, P.C. avoided timely responding to the plaintiff's filings in Johnson County Court, then desperately filed a motion to strike, mistakenly believing that by seeking to strike the plaintiff's pleadings instead of answering or replying to them, SOUTH & ASSOCIATES, P.C. would not be committing an affirmative act in furtherance of THE BANK OF NEW YORK MELLON RICO enterprise and the RICO conspiracy to unlawfully convert property that BANK OF AMERICA and COUNTRYWIDE did not receive or retain rights to at the time BANK OF AMERICA acquired the COUNTRYWIDE entities.

Similarly, BRYAN CAVE LLP defaulted in defending THE BANK OF NEW YORK MELLON and ALTERNATIVE LOAN TRUST 2007-0A7 from the plaintiff's action in New York County Supreme Court for the defendants' fraud on the Johnson County District Court foreseeable resulting from the misrepresentations of ALTERNATIVE LOAN TRUST 2007-0A7 to its trustee THE BANK OF NEW YORK MELLON that were made in the burrow of Manhattan, in the City of New York City.

Desperately , BRYAN CAVE LLP filed a motion on behalf of defendants THE BANK OF NEW YORK MELLON and ALTERNATIVE LOAN TRUST 2007-0A7 to transfer the case to the Johnson, County District Court and away from the paperwork and witnesses to the fraud in New York City, despite defendants THE BANK OF NEW YORK MELLON and ALTERNATIVE LOAN TRUST 2007-0A7 having struck the plaintiff's pleadings in Johnson, County District Court.

### Injury to the Plaintiff

The plaintiff has standing for injury to his business and property by the conduct constituting the violations of 18 U.S.C. § 1962(c).

#### (a) Business

The defendants' violations of 18 U.S.C. § 1962(c) have deprived the plaintiff of use of his business office and headquarters of Petrodollarhedge.Com described as lot 330, Leawood Estates, a subdivision in Leawood, Johnson County, Kansas, according to the recorded plat thereof, commonly known as 9743 Sagamore Road, Leawood, KS 66206.

The defendants' violations of 18 U.S.C. § 1962(c) have deprived the plaintiff of the receipt of his mail for his oil investment business and litigation.

### (i) proximately caused by a RICO violation

The injury to the plaintiff's business was solely and directly caused by the defendants' predicate acts of mail and wire fraud as detailed in this complaint.

### (ii) concrete financial loss

The plaintiff's property has a value of $715,000.00 when free of the defendants' baseless claims to the title from the fraudulent procurement of the sheriff's sale.

### (b) Property

The defendants' violations of 18 U.S.C. § 1962(c) have deprived the plaintiff of use and enjoyment of his property described as lot 330, Leawood Estates, a subdivision in Leawood, Johnson County, Kansas, according to the recorded plat thereof, commonly known as 9743 Sagamore Road, Leawood, KS 66206

### (i) proximately caused by a RICO violation

The deprivation of rights to the plaintiff's property was solely and directly caused by the defendants predicate acts of mail and wire fraud as detailed in this complaint.

### (ii) concrete financial loss

The plaintiff's property has a value of $715,000.00 when free of the defendants' baseless claims to the title from the fraudulent procurement of the sheriff's sale.

### 18 U.S.C. § 1962(c) DAMAGES

The plaintiff seeks damages for the loss of use and enjoyment of the subject property, the house and land in Leawood, Kansas from the RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.; ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY under joint and several liability pursuant to 18 USC § 1964(c)..

The plaintiff seeks damages for the loss of business use of the subject property, his office and headquarters of Petrodollarhedge.Com, which is the house and land in Leawood, Kansas from the RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.; ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY under joint and several liability pursuant to 18 USC § 1964(c).

The plaintiff seeks treble damages pursuant to 18 USC § 1964(c).

The plaintiff does not seek damages against the nominal defendant THE BANK OF NEW YORK MELLON which is not charged in this complaint with violating 18 U.S.C. § 1962(c).

## COUNT II
## RACKETEERING CONSPIRACY IN VIOLATION OF 18 U.S.C. § 1962(d)

The plaintiff hereby incorporates the averments of facts in this complaint and its attachments.

### The Defendants entered into an agreement `to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity

The RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.; ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY at varying times as detailed above entered into an agreement to conduct the affairs of THE BANK OF NEW YORK MELLON as a racketeering enterprise directly and indirectly with BANK OF AMERICA and KPMG LLP to further the fraudulent and counterfeit mortgage backed securities originally created by the COUNTRYWIDE executives before being acquired by BANK OF AMERICA.

**The Defendants knowingly associated with the conspiracy**

The RICO enterprise associates ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY knowingly associated with the BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc. in the conspiracy to infiltrate and defraud THE BANK OF NEW YORK MELLON.

**The Defendants embraced the objective of the conspiracy**

The RICO enterprise associates ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY knowingly associated with the BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc. in the conspiracy to infiltrate and defraud THE BANK OF NEW YORK MELLON.

**the defendants know the general nature of the enterprise and know that the enterprise extends beyond his general role.**

The RICO defendants CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY have continued their acts in furtherance of the conspiracy even after the BANK OF AMERICA and COUNTRYWIDE frauds began to be reported in the popular media.

The RICO defendants CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY have failed to affirmatively withdraw from the conspiracy and from concerted action with the BANK OF AMERICA and COUNTRYWIDE entity defendants to infiltrate and defraud THE BANK OF NEW YORK MELLON.

**Defendants agreed to commit two predicate acts in furtherance thereof**

The RICO defendants CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.;
BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL;
COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY
EXECUTIVES OF KANSAS CITY each agreed to do two or more predicate acts and /or cause two or
more predicate acts in violation of 18 U.S.C. § 1962(c) to be committed to further BANK OF AMERICA
and the COUNTRYWIDE entities including CWALT, Inc. in the conspiracy to infiltrate and defraud THE
BANK OF NEW YORK MELLON.

### (ii) conscious adherence to fraudulent scheme pursuant to which two mailings in furtherance of scheme were foreseeable

The RICO enterprise associates ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A.
REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; and STEPHEN E. SUMMERS
doing business as REALTY EXECUTIVES OF KANSAS CITY knew that misrepresentations to courts
and homeowners regarding the existence of standing to foreclose would have to be made.

The RICO enterprise associates ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A.
REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; and STEPHEN E. SUMMERS
doing business as REALTY EXECUTIVES OF KANSAS CITY knew that it was foreseeable two or ore
mailings or electronic filings would be communicated to the Johnson County District and the plaintiff
regarding the THE BANK OF NEW YORK MELLON RICO enterprise's standing to foreclose on the
plaintiff's Leawood, Kansas home.

STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY
himself was engaged in making two or more misrepresentations by mail and wire to misrepresent the
plaintiff's home as lawfully for sale to further THE BANK OF NEW YORK MELLON RICO enterprise's
goals by laundering the plaintiff's home through a buyer in good faith and thereby provide cover for
SOUTH & ASSOCIATES, P.C. and BRYAN CAVE LLP to manufacture a sham defense to the plaintiff's
fraud on the court claims.

### Injury to the Plaintiff

The plaintiff has standing for injury to his business and property by the conduct constituting the violations of 18 U.S.C. § 1962(c).

#### (a) Business

The defendants' violations of 18 U.S.C. § 1962(c) have deprived the plaintiff of use of his business office and headquarters of Petrodollarhedge.Com described as lot 330, Leawood Estates, a subdivision in Leawood, Johnson County, Kansas, according to the recorded plat thereof, commonly known as 9743 Sagamore Road, Leawood, KS 66206.

The defendants' violations of 18 U.S.C. § 1962(c) have deprived the plaintiff of the receipt of his mail for his oil investment business and litigation.

##### (i) proximately caused by a RICO violation

The injury to the plaintiff's business was solely and directly caused by the defendants' predicate acts of mail and wire fraud as detailed in this complaint.

##### (ii) concrete financial loss

The plaintiff's property has a value of $715,000.00 when free of the defendants' baseless claims to the title from the fraudulent procurement of the sheriff's sale.

#### (b) Property

The defendants' violations of 18 U.S.C. § 1962(c) have deprived the plaintiff of use and enjoyment of his property described as lot 330, Leawood Estates, a subdivision in Leawood, Johnson County, Kansas, according to the recorded plat thereof, commonly known as 9743 Sagamore Road, Leawood, KS 66206

##### (i) proximately caused by a RICO violation

The deprivation of rights to the plaintiff's property was solely and directly caused by the defendants predicate acts of mail and wire fraud as detailed in this complaint.

42

**(ii) concrete financial loss**

The plaintiff's property has a value of $715,000.00 when free of the defendants' baseless claims to the title from the fraudulent procurement of the sheriff's sale.

## 18 U.S.C. § 1962(d) DAMAGES

The plaintiff seeks damages for the loss of use and enjoyment of the subject property, the house and land in Leawood, Kansas from the RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.; ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY under joint and several liability pursuant to 18 USC § 1964(c)..

The plaintiff seeks damages for the loss of business use of the subject property, his office and headquarters of Petrodollarhedge.Com, which is the house and land in Leawood, Kansas from the RICO enterprise associates BANK OF AMERICA and the COUNTRYWIDE entities including CWALT, Inc.; ALTERNATIVE LOAN TRUST 2007-OA7; CATHERINE A. REIN; KPMG LLP; SOUTH & ASSOCIATES, P.C.; BRYAN CAVE LLP; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; and STEPHEN E. SUMMERS doing business as REALTY EXECUTIVES OF KANSAS CITY under joint and several liability pursuant to 18 USC § 1964(c).

The plaintiff seeks treble damages pursuant to 18 USC § 1964(c).

The plaintiff does not seek damages against the nominal defendant THE BANK OF NEW YORK MELLON which is not charged in this complaint with violating 18 U.S.C. § 1962(c).

## VI. RELIEF

The plaintiff respectfully seeks damages in excess the amount of $75,000.00 , the costs of this

action, including attorney's fees should the plaintiff obtain an attorney, and such other relief deemed to be

just and equitable.

S/ Bret D. Landrith
Bret D. Landrith
Plaintiff
appearing *Pro se*
Apartment 209,
5308 SW Tenth St.
Topeka, KS 66604
Cell 913-951-1715
bret@bretlandrith.com

## JURY TRIAL DEMANDED

The plaintiff respectfully requests a jury trial.

S/ Bret D. Landrith
Bret D. Landrith
Plaintiff
appearing *Pro se*

## DESIGNATION OF KANSAS CITY, KANSAS FOR TRIAL

The plaintiff respectfully requests a jury trial.

S/ Bret D. Landrith
Bret D. Landrith
Plaintiff
appearing *Pro se*

44