**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Bret D. Landrith,<br><br>Plaintiff,<br><br>vs.<br><br>Bank of New York Mellon et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 12-2352-EFM-DJW |

**DEFENDANT SOUTH & ASSOCIATES, P.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant South & Associates, P.C. ("Defendant"), moves to dismiss all claims against Defendant, pursuant to the authorities set forth in its accompanying Memorandum.

**A. The Doctrine of Collateral Estoppel Bars Plaintiff From Asserting his Claims Against Defendant in this Action.**

Plaintiff's claims against Defendant stem from a foreclosure action Defendant filed on behalf of Bank of New York Mellon ("BONY") against Jeffrey Basler in the Johnson County District Court, Tenth Judicial District of Kansas (Case No. 10CV1749). Judgment was rendered on behalf of BONY. Because the rights of the parties were adjudicated in the foreclosure action, the doctrine of collateral estoppel bars any claims stemming from the foreclosure. For these reasons, Plaintiff fails to state a claim upon which relief may be granted, and the Court should dismiss Plaintiff's claims against Defendant.

**B. The Court Should Dismiss Plaintiff's Claims against Defendant Because Plaintiff Lacks Standing.**

Plaintiff was not a party to the foreclosure action. Plaintiff attempted to insinuate himself into the foreclosure action by executing a Quit Claim Deed regarding certain property in Johnson

County, Kansas, that was the subject of the foreclosure (the "Property"). The Quit Claim Deed was executed after the redemption period expired.[1] Even though Plaintiff was not a party to the foreclosure and the redemption period expired before the Quit Claim Deed was signed, Plaintiff alleged in the Johnson County District Court action that he had an interest in the Property.

The Johnson County District Court ruled twice that Plaintiff was not conveyed an interest in the Property and that he lacked standing to file an Answer or seek to set aside the foreclosure sale. The same analysis the Johnson County District Court relied on when it concluded that Plaintiff lacked standing applies in this case. The Quit Claim Deed conveyed nothing to Plaintiff. He does not have an interest in the Property. Consequently, Plaintiff lacks standing to make a claim related to the Property.

WHEREFORE, South & Associates, P.C., respectfully requests that the Court dismiss Plaintiff's Claims against this Defendant and grant it whatever additional relief that the Court deems just and appropriate.

Respectfully submitted,

David L. Boman (KS # 19896)
6363 College Blvd., Suite 100
Overland Park, KS 66211
(913) 663-7600 x Office
(913) 663-7899 x Fax
David.Boman@Southlaw.com
*Attorneys for Defendant*
*South & Associates, P.C.*

[1] There is also no indication that Plaintiff attempted to pay the amount necessary to redeem the Property.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was sent via U.S. mail, postage pre-paid, on June 26, 2012 to the following parties:

Bret D. Landrith
5308 Southwest 10th
Apt. 209
Topeka, KS 66604
*Plaintiff*

David L. Boman