**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF KANSAS**
**AT KANSAS CITY, KANSAS**

BRET D. LANDRITH )
)
Plaintiff, )
)
v. ) Case No. 12-2352-EFM-DJW
)
BANK OF NEW YORK MELLON, et. al., )
)
Defendants. )

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Bank of America Corporation; Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (incorrectly named as Countrywide Home Loans); Countrywide Home Loans, Inc. (incorrectly named as Countrywide Homeloan, Inc.); Countrywide Financial; and The Bank of New York Mellon as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates (collectively "BAC Defendants"), move to dismiss all claims against Defendants, pursuant to the authorities set forth in its accompanying Memorandum.

**A. The Doctrine of Collateral Estoppel Bars Plaintiff From Asserting his Claims Against Defendant in this Action**

Plaintiff's claims against Defendants stem from a foreclosure action that Bank of New York Mellon ("BONY") filed against Jeffrey Basler in the Johnson County District Court, Tenth Judicial District of Kansas (Case No. 10CV1749). Judgment was rendered on behalf of BONY. Because the rights of the parties were adjudicated in the foreclosure action, the doctrine of collateral estoppel bars any claims stemming from the foreclosure. For these reasons, Plaintiff fails to state a claim upon which relief may be granted, and the Court should dismiss Plaintiff's claims against Defendant.

**B. The Court Should Dismiss Plaintiff's Claims against Defendant Because Plaintiff Lacks Standing**

Plaintiff was not a party to the foreclosure action. Plaintiff attempted to insert himself into the foreclosure action by executing a Quit Claim Deed regarding certain property in Johnson County, Kansas, that was the subject of the foreclosure (the "Property"). The Quit Claim Deed was executed after the redemption period expired.[1] Even though Plaintiff was not a party to the foreclosure and the redemption period expired before the Quit Claim Deed was signed, Plaintiff alleged in the Johnson County District Court action that he had an interest in the Property.

The Johnson County District Court ruled twice that Plaintiff was not conveyed an interest in the Property and that he lacked standing to file an Answer or seek to set aside the foreclosure sale. The same analysis the Johnson County District Court relied on when it concluded that Plaintiff lacked standing applies in this case. The Quit Claim Deed conveyed nothing to Plaintiff. He does not have an interest in the Property. Consequently, Plaintiff lacks standing to make a claim related to the Property.

**C. The Court Should Dismiss Plaintiff's Claims Under the Rooker-Feldman Doctrine**

Plaintiff's ability to bring this RICO action also is barred by the Rooker-Feldman Doctrine, which bars a federal court from reviewing a state court judgment. Plaintiff's claim that he has an interest in the Property was previously resolved by the Johnson County District Court. This Court now cannot review that state court judgment.

**D. The Court Should Dismiss Plaintiff's Complaint for Failure to Properly Plead a RICO Claim**

Even if the Court were to overlook the fact that Defendant has no interest in the Property, the Complaint still should be dismissed for failure to state a claim. Because a RICO claim inherently involves a fraud claim, Plaintiff must comply with the heightened

[1] There is also no indication that Plaintiff attempted to pay the amount necessary to redeem the Property.

pleading requirement pursuant to Federal Rule of Civil Procedure 9(b). Here, Plaintiff has merely set forth the elements of a RICO claim without properly alleging the "who, what, when, where and how" of a RICO claim or showing that the racketeering predicate acts are related and that they amount to or pose a threat of continued criminal activity.

**E. <u>The Court Should Not Permit Plaintiff to Litigate His Claims in Multiple Forums</u>**

Finally, if the Court declines to dismiss Plaintiff's Complaint because Plaintiff has no interest in the Property, then the Court should dismiss Plaintiff's claims because Plaintiff is simultaneously litigating the same claims in two other forums—Kansas State Court and New York State Court.

WHEREFORE, Defendants Bank of America Corporation; Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (incorrectly named as Countrywide Home Loans); Countrywide Home Loans, Inc. (incorrectly named as Countrywide Homeloan, Inc.); Countrywide Financial; and The Bank of New York Mellon as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates respectfully request that the Court dismiss Plaintiff's Claims against these Defendants and grant them whatever additional relief that the Court deems just and appropriate.

**Respectfully submitted:**

**BRYAN CAVE LLP**

By: *<u>/s/ Christopher C. Grenz</u>*
James D. Lawrence KS Bar # 22565
Christopher C. Grenz KS Bar #24839
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
chris.grenz@bryancave.com
jdlawrence@bryancave.com
ATTORNEYS FOR BAC DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2012, I electronically filed the above and foregoing with the clerk of court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Christopher C. Grenz*
Attorney for Defendants