**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | | |
|---|---|---|
| BRET D. LANDRITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2352-EFM-DJW |
| | ) | |
| BANK OF NEW YORK MELLON, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CATHERINE A. REIN'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Catherine A. Rein ("Rein") hereby moves to dismiss all claims against her, pursuant to the authorities set forth in her accompanying Memorandum of Support. In support of her Motion, Rein states as follows:

**A. The Doctrine of Collateral Estoppel Bars Plaintiff from Asserting His Claims Against Defendant in this Action.**

Plaintiff's claims against Defendants stem from a foreclosure action that Bank of New York Mellon ("BONY-Mellon") filed against Jeffrey Basler in the Johnson County District Court, Tenth Judicial District of Kansas (Case No. 10CV1749). Judgment was rendered on behalf of BONY-Mellon. The District Court twice ruled that Plaintiff has no interest in certain property in Johnson County, Kansas, that was the subject of the foreclosure (the "Property"). The Property is central to Plaintiff's allegations in the instant case. Because the rights of the parties were adjudicated in the foreclosure action, the doctrine of collateral estoppel bars Plaintiff from reasserting his interest in the Property in this case.

**B. <u>The Court Should Dismiss Plaintiff's Claims Against Defendant Because Plaintiff Lacks Standing</u>**

Plaintiff was not a party to the underlying foreclosure action, but instead attempted to insert himself into the foreclosure action by executing a Quit Claim Deed in connection with the Property. The Quit Claim Deed was executed after the redemption period expired.[1] The Johnson County District Court twice ruled that Plaintiff has no interest in the Property and that he lacked standing to file an Answer or seek to set aside the foreclosure sale. Because he has no interest in the Property, Plaintiff also lacks standing to bring a claim in connection with the Property under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§ 1961, *et. seq*.

**C. <u>The Court Should Dismiss Plaintiff's Claims Under the *Rooker-Feldman* Doctrine.</u>**

Plaintiff's ability to bring this RICO action also is barred by the *Rooker-Feldman* Doctrine, which bars a federal court from reviewing a state court judgment. Plaintiff's claim that he has an interest in the Property was previously resolved by the Johnson County District Court. This Court now cannot review that state court judgment.

**D. <u>The Court Should Dismiss Plaintiff's Complaint for Failure to Properly Plead a RICO Claim.</u>**

Even if the Court were to overlook the fact that Defendant has no interest in the Property, the Complaint still should be dismissed for failure to state a claim. Because a RICO claim inherently involves a claim of fraud, Plaintiff must comply with the heightened pleading requirement pursuant to Federal Rule of Civil Procedure 9(b). Here, Plaintiff has merely set forth the elements of a RICO claim without properly alleging the "who, what, when, where and how" of a RICO claim or showing that the racketeering predicate acts are related and that they amount to or pose a threat of continued criminal activity.

---

[1] There is also no indication that Plaintiff attempted to pay the amount necessary to redeem the Property.

**E. <u>The Court Should Not Permit Plaintiff to Litigate His Claims in Multiple Forums.</u>**

Finally, if the Court declines to dismiss Plaintiff's Complaint because Plaintiff has no interest in the Property, then the Court should dismiss Plaintiff's claims because Plaintiff is simultaneously litigating the same claims in two other forums—Kansas State Court and New York State Court.

WHEREFORE, for the above stated reasons, as more fully set forth in her accompanying Memorandum of Support, Defendant Catherine A. Rein respectfully requests that the Court dismiss all of Plaintiff's Claims against her and grant her whatever additional relief that the Court deems just and appropriate.

**Respectfully submitted:**

**BRYAN CAVE LLP**

By: */s/ Christopher C. Grenz*

James D. Lawrence KS Bar # 22565
Christopher C. Grenz KS Bar #24839
1200 Main Street, Suite 3500
Kansas City, Missouri 64105-2100
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
chris.grenz@bryancave.com
jdlawrence@bryancave.com
ATTORNEYS FOR CATHERINE A. REIN

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2012, I electronically filed the above and foregoing with the clerk of court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Christopher C. Grenz*
Attorney for Defendant Catherine A. Rein