IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRET D. LANDRITH,

    *Plaintiff,*

v.

BANK OF NEW YORK MELLON;
CATHERINE A. REIN; BANK OF
AMERICA CORPORATION;
COUNTRYWIDE HOMELOAN, INC.;
CWALT, INC.; ALTERNATIVE LOAN
TRUST 2007-OA7; BAC HOME LOANS
SERVICING, LP; COUNTRYWIDE
FINANCIAL; COUNTRYWIDE HOME
LOANS; KPMG LLP; STEPHEN E.
SUMMERS; REALTY EXECUTIVES OF
KANSAS CITY; SOUTH & ASSOCIATES,
PC; and BRYAN CAVE, LLP,

    *Defendants.*

Case No. 12-2352-EFM

**MEMORANDUM AND ORDER**

    Plaintiff Bret D. Landrith, proceeding pro se, brought suit against Defendants on various grounds stemming from Defendants' foreclosure of property in which Plaintiff claims to have a legal interest. Defendants have brought several motions to dismiss Plaintiff's suit on different grounds. All of the motions, however, argue that Plaintiff has no standing to sue because the Kansas state court has already held that Plaintiff has no legal interest in the property at issue.

Because the Court agrees that collateral estoppel prohibits this Court from relitigating the issue of Plaintiff's legal interest in the property, the Court grants the Defendants' motions to dismiss.

## I. Factual and Procedural Background

Plaintiff Bret D. Landrith, represented by counsel at the time, filed suit alleging that Defendants committed and conspired to commit violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1] Landrith is a Kansas resident and a disbarred Kansas attorney. The defendants are all related to the field of financing and/or real estate.[2]

Landrith's suit stems from a foreclosure action initiated in Johnson County, Kansas, by Defendant South & Associates, P.C., on behalf of Defendant Bank of New York Mellon against Jeffrey Basler. Basler was served notice of the foreclosure by publication after service by certified mail was returned undelivered. On April 27, 2010, Defendants obtained, in state district court, a default judgment of foreclosure against Basler. On April 21, 2011, the property at issue—Leawood Estates, a subdivision located in Leawood, Kansas—was sold at auction. The highest bidder at the auction was Defendant Bank of New York Mellon, acting as trustee for Defendant CWALT, Inc., Alternative Loan Trust 2007-OA7. On July 21, 2011, the redemption period expired without any party coming forward to exercise the right of redemption. On August 2, 2011, the purchasers received a sheriff's deed to the Leawood property.

---

[1] *See* 18 U.S.C. § 1962(c), (d).

[2] The Bank of New York Mellon ("BONY") is a defendant in name only as the trustee of Defendant Alternative Loan Trust 2007-0A7. Defendant Catherine A. Rein is the Audit Committee Chairman of BONY. Defendant Bank of America Corp. is the successor by merger to Defendant BAC Home Loans Servicing, LP, f/k/a/ Countrywide Home Loans Servicing, LP (incorrectly named in this action as "Countrywide Home Loans"). Defendant Countrywide Home Loans, Inc. (incorrectly named in this action as "Countrywide Homeloan, Inc.") is a wholly-owned subsidiary of Defendant Countrywide Financial. Defendant KPMG LPP is a New York auditing firm. Defendant Bryan Cave, LLP, is a law firm representing BONY, Bank of America Corp., and related Defendants. Defendant Stephen E. Summers is a real estate agent with Defendant Realty Executives of Kansas City. Defendant South & Associates, P.C., is a law firm named in Landrith's suit as an agent of the Alternative Loan Trust 2007-OA7.

On August 9, 2011, Landrith filed a motion in the state court case that was entitled "Notice of Successor in Interest and Motion for Extension of Time to Answer." Claiming to be a bona fide purchaser of Leawood Estates, Landrith produced a quitclaim deed dated August 1, 2011, that purported to convey to Landrith an interest in the property once owned by Basler.[3] Attached to the deed was a Rejection Notice from the Johnson County Department of Records and Tax Administration that indicated the deed was never recorded due to technical deficiencies in its execution. Landrith never attempted to redeem the property during the statutory period following the sale.

Without waiting for leave from the court in Johnson County, Landrith filed an answer and a motion to set aside the sale and judgment of foreclosure. In response, Defendant South & Associates moved to strike Landrith's motions on the grounds that he did not have a cognizable interest in the property and thus was not a party with standing in the state action. On September 28, 2011, the Johnson County District Court issued a Journal Entry wherein the court made the following findings:

> Any interest Bret D. Landrith claims to the Property stems from a purported quit claim deed from Defendant Basler, dated after Basler's rights to the Property were extinguished.
> Bret D. Landrith does not have standing to set aside the April 21, 2011 foreclosure sale or to seek additional time to answer Plaintiff's Petition.[4]

The court therefore dismissed Landrith's motions as moot.

On November 14, 2011, Landrith had filed a lawsuit in New York state court alleging that Defendants Bank of New York Mellon and Alternative Loan Trust 2007-OA7 had engaged in fraudulent proceedings when foreclosing on the Leawood, Kansas, property. Landrith claimed

---

[3] Quit Claim Deed, Doc. 8-1, at 26.

[4] Johnson County District Court Journal Entry (11/21/11), Doc. 8-1, at 35.

that the New York defendants did not have sufficient documentation to foreclose and that they made material misrepresentations to the Kansas district court through Defendant South & Associates. The defendants named in the New York suit moved to dismiss on several grounds, including lack of standing and *forum non conveniens*. The New York court granted the motion to dismiss on the grounds of *forum non conveniens*.

Landrith then returned the focus of his suit to Kansas, filing a Motion for Relief from Judgment and a Notice of Supplemental Authority with the Johnson County District Court. Defendants moved to strike Landrith's motion. On June 13, 2012, the court granted Defendants' motion to strike Landrith's pleadings and reaffirmed its earlier ruling in the Journal Entry. Specifically, the court stated the following:

> The court previously ruled Bret D. Landrith's [sic] has no standing (Doc 86) in this case in that Defendant Basler had no interest to convey to Bret D. Landrith on August 1, 2011. The redemption period after the Sheriff's sale had expired and extinguished any interest Defendant Basler may have possessed on July 21, 2011.[5]

The court further noted that "Bret D. Landrith inserted himself into the litigation and made unsubstantiated allegations against the Plaintiff and Plaintiff's counsel and has failed to follow applicable law and procedures."[6]

On June 5, 2012, more than a week before the Johnson County District Court ruled on Landrith's Motion for Relief from Judgment, Landrith filed suit in this Court. Landrith claims that Defendants violated RICO by engaging in and conspiring to commit a pattern of racketeering by creating trusts to use Defendant Bank of New York Mellon as an enterprise for

---

[5] Johnson County District Court Order (6/13/12), Doc. 8-1, at 37.

[6] *Id.*

banking fraud. All of Landrith's claims stem from Defendants' activities related to the Leawood Estates property. Defendants now move to dismiss Landrith's lawsuit.

## II.     Analysis

In five separate motions to dismiss, Defendants request that the Court dismiss Landrith's claims for numerous reasons.[7] All five of the motions argue that Landrith lacks standing to bring a claim arising from the Leawood Estates property because the doctrine of collateral estoppel says that this Court should honor the Johnson County District Court's decision finding that Landrith has no interest in that property. The Court agrees, and therefore will address the five motions as a single argument.

To bring a justiciable case in federal court, Article III of the Constitution requires the plaintiff to have standing to sue.[8] Standing is the determination of whether a specific person is

---

[7] In Doc. 7, Defendant South & Associates, P.A., move to dismiss Landrith's suit on the grounds that (1) collateral estoppel bars Landrith from relitigating his interest in the Leawood Estates property, and (2) Landrith's lack of legal interest in the property means he does not have standing to bring this suit.
    In Doc. 18, Defendants Bank of America Corp.; Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (incorrectly named as Countrywide Home Loans); Countrywide Home Loans, Inc. (incorrectly named as Countrywide Homeloan, Inc.); Countrywide Financial; and The Bank of New York Mellon as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates; and Bryan Cave LLP move to dismiss Landrith's claim on the following grounds: (1) collateral estoppel; (2) lack of standing; (3) the *Rooker-Feldman* doctrine, which says federal courts should not review state court judgments; (4) failure to properly plead a RICO claim; and (5) simultaneous and prior litigation in other forums (New York and Kansas state courts).
    In Doc. 28, Defendant Catherine A. Rein moves to dismiss on the same five grounds briefed in Doc. 18: (1) collateral estoppel, (2) lack of standing, (3) *Rooker-Feldman*, (4) failure to properly plead a RICO claim, and (4) multiple-forum litigation.
    In Doc. 32, Defendant KPMG LLP moves to dismiss Landrith's suit on the following grounds: (1) collateral estoppel, (2) lack of standing, and (3) failure to plead a RICO claim.
    In Doc. 40, Defendant Stephen E. Summers, d/b/a/ Realty Executives of Kansas City, moves to dismiss Landrith's suit on the following grounds: (1) collateral estoppel, (2) lack of standing, (3) *Rooker-Feldman*, (4) failure to properly plead a RICO claim, (5) multiple-forum litigation, and (6) "any other legal grounds barring Plaintiff's claims."

[8]  *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

the proper party to bring a matter before the courts for adjudication.[9] There are three constitutional standing requirements: (1) the plaintiff must have suffered or will immanently suffer a direct injury, (2) the plaintiff must show that the injury is fairly traceable to the defendant's conduct, and (3) the plaintiff must show that a favorable federal court decision will redress the injury.[10]

In this case, Landrith was no doubt injured when he purchased a quitclaim deed that did not in fact convey any interest in property. But Landrith's RICO claims do not stem from this injury.[11] Instead, Landrith claims to be the victim of an allegedly-fraudulent mortgage scheme. That injury is one that could be asserted by a party to the mortgage. Therefore, unless Landrith holds an interest in a property subjected to the allegedly-fraudulent mortgage scheme, he cannot show that he has suffered a direct injury.

The issue of whether Landrith has any interest in the Leawood Estates property has been fully adjudicated and is subject to collateral estoppel. Under federal law,[12] collateral estoppel applies if (1) the issue previously decided is identical to the issue presently in question, (2) the previous decision was a final judgment on the merits, (3) the party against whom collateral

---

[9] *See, e.g.*, *Allen v. Wright*, 468 U.S. 737, 750–51 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues.").

[10] *See Lujan*, 504 U.S. at 560–61 (citations omitted).

[11] Even if Landrith was claiming that Defendants are responsible for the fact that he received a worthless deed, Landrith has not shown a plausible causal connection between that injury and any act by Defendants.

[12] The parties reference Kansas state law in their collateral estoppel arguments. As Defendant South & Associates note in their reply brief (Doc. 16, at 2 n.1), federal question jurisdiction applies to this case because Landrith is suing under the federal RICO statute. Therefore, federal law applies to the parties' arguments.

estoppel is argued was a party to the previous action, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[13]

In this case, the Johnson County District Court previously found that Landrith's quitclaim deed conveyed no property interest to Leawood Estates because Basler executed the deed after his interest in the property was extinguished due to the expiration of the statutory redemption period. That decision is identical to the issue in question here and represents a final judgment on the merits. Landrith was a party to the district court's decision and had a full and fair opportunity to litigate the issue of his interest in Leawood Estates. Therefore, collateral estoppel applies to the Johnson County District Court's decision finding that Landrith has no legal interest in Leawood Estates. Absent such an interest, he cannot show that the actions alleged in his complaint imposed a direct injury for which he now has standing to sue. Consequently, Landrith's claims must be dismissed as nonjusticiable under Article III of the Constitution.

**IT IS ACCORDINGLY ORDERED** this 1st day of March, 2013, that the Motion to Dismiss filed by Defendant South & Associates, P.A. (Doc. 7), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Bank of America Corp.; Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (incorrectly named as Countrywide Home Loans); Countrywide Home Loans, Inc. (incorrectly named as Countrywide Homeloan, Inc.); Countrywide Financial; and The Bank of New York Mellon as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates (Doc. 18), is hereby **GRANTED**.

---

[13] *See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (citations omitted).

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Catherine A. Rein (Doc. 28), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant KPMG LLP (Doc. 32), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Stephen E. Summers d/b/a/ Realty Executives of Kansas City (Doc. 40), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Bret E. Landrith's Motion for Hearing on Motions to Dismiss (Doc. 47), is hereby **DENIED**.

**IT IS SO ORDERED**.

Eric F. Melgren
United States District Judge