# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRET D. LANDRITH,

    *Plaintiff,*

v.

BANK OF NEW YORK MELLON; CATHERINE A. REIN; BANK OF AMERICA CORPORATION; COUNTRYWIDE HOMELOAN, INC.; CWALT, INC.; ALTERNATIVE LOAN TRUST 2007-OA7; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; KPMG LLP; STEPHEN E. SUMMERS; REALTY EXECUTIVES OF KANSAS CITY; SOUTH & ASSOCIATES, PC; and BRYAN CAVE, LLP,

    *Defendants.*

Case No.  12-2352-EFM

## MEMORANDUM AND ORDER

Plaintiff Bret D. Landrith, proceeding pro se, brought suit against Defendants on various grounds stemming from Defendants' foreclosure of property in which Plaintiff claimed to have a legal interest. On March 4, 2013, this Court granted Defendants' motions to dismiss Landrith's claims on the grounds that Landrith lacked standing to sue (Docs. 49, 50). Landrith has now filed a timely Rule 59(e) motion requesting that the Court alter or amend its earlier judgment

---

(Doc. 52). Because Landrith has failed to identify an error in the Court's disposition of this case, the Court now denies Landrith's motion for reconsideration.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment.[1] The Court will reconsider an early judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[2] In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[4]

Landrith argues that the Court's order dismissing his suit for lack of standing constitutes plain error. The RICO statutes confer standing to sue in federal court upon "[a]ny person injured in his business or property by reason of a violation of [the RICO provisions]."[5] To have standing to bring his suit, then, Landrith was required to plead facts sufficient to show that he had possession of a property right that was allegedly injured by Defendants' actions.

Landrith again argues that he possesses an interest in the Leawood Estates property purportedly conveyed to him via a quitclaim deed from Jeffrey Basler. The quitclaim deed was executed after Defendants had foreclosed on Leawood Estates and the redemption period had

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[4] *Trackwell v. United States Government*, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012).

[5] 18 U.S.C. § 1964(c).

expired. As a result, the Johnson County District Court found that Basler had no interest in the Leawood Estates property at the time he executed the quitclaim deed to Landrith. Therefore, the state court concluded, Landrith received no property interest in Leawood Estates and could not challenge the foreclosure sale. Granting preclusive effect to the state court's adjudication of that issue, this Court dismissed Landrith's RICO claims against Defendants on the grounds that he was not a person who suffered an injury to a property right and therefore had no standing to bring a civil RICO suit.

Although his arguments are difficult to follow, it appears that Landrith asserts four separate arguments as to why the Court erred in concluding that he lacked standing. First, Landrith contends that this Court must amend its order and judgment because Defendants' arguments for dismissal on *Rooker-Feldman* grounds were made in error. The Court need not address Landrith's arguments on this count because the Court did not make any findings or issue any rulings based on the *Rooker-Feldman* doctrine.[6] The Court dismissed Landrith's claims on the sole basis that Landrith lacked standing to sue. Any arguments Defendants made in addition to standing are irrelevant to this Rule 59(e) motion.

Second, the Court believes that Landrith is contesting the Court's application of collateral estoppel to the Johnson County District Court's order granting the Bank of New York Mellon's motion to strike Landrith's filings, arguing that an order on a motion to strike is not a final judgment. The case Landrith cites as support for his argument states that "[a]n order to strike is not 'appealable unless it has the features of finality by serving the same purpose as a demurrer to

---

[6] Landrith's Rule 59(e) motion insinuates that the Court's memorandum and order dismissing Landrith's claims "incorporate[d] by reference" all of Defendants' arguments in support of dismissal. *See* Doc. 52, at 4. The Court simply clarifies for Landrith's benefit that the Court dismissed the suit *solely* on the grounds that Landrith lacks standing under both Article III of the U.S. Constitution and 18 U.S.C. § 1964(c).

test the sufficiency of a claim or defense.'"[7] But in that case, the Supreme Court of Kansas went on to hold that a district court's order striking a claim for lack of standing was a final judgment because "it fully adjudicated any and all interests claimed in the $895."[8] Similarly, the Johnson County District Court's order granting Defendants' motion to strike Landrith's attempts to intervene in the foreclosure suit was a final judgment because, to the best of the Court's knowledge from the record provided, the order fully adjudicated Landrith's claimed interest in the Leawood Estates property. Because it was a final judgment, Landrith was then free to appeal the district court's ruling to the state appellate courts.[9] Therefore, the Court did not err when it granted preclusive effect to the Johnson County District Court's order.

Third, Landrith argues that collateral estoppel cannot apply to actions for fraud arising from the judgments of lower courts. As support, Landrith cites another case from the Supreme Court of Kansas, *Weaver v. Frazee*.[10] The portion of the case that Landrith references[11] involves an appeal from a suit for damages that the district court had dismissed for failure to state a claim. The plaintiff, a remainderman to the property at issue, sued the parties who foreclosed on his property, arguing that defendants obtained a foreclosure judgment on the false pretense that

---

[7] *State ex rel. Topeka Police Dep't v. $895.00 U.S. Currency*, 133 P.3d 91, 100 (Kan. 2006) (citations omitted)

[8] *Id.*

[9] It appears from statements contained in Landrith's Rule 59(e) motion that Landrith did appeal the Johnson County District Court's order to the Kansas Court of Appeals, which dismissed the appeal in an unpublished opinion. Landrith did not provide the Court with a copy of this decision, however, and the full text of unpublished decisions from the Kansas Court of Appeals is not available on the court's website. Therefore, the Court cannot assess the nature of the appellate court's dismissal.

[10] 547 P.2d 1005 (Kan. 1976).

[11] Landrith in fact cites only to the court's syllabus and not to the case itself. Because *Weaver* involves several suits and Landrith fails to specifically identify the portion of the court's opinion that he believes is applicable to his case, some inference from the Court is necessary to address Landrith's arguments.

plaintiff owed defendant money.  The plaintiff argued that he was never properly served and that defendants committed a fraud upon the court.[12]  The trial court dismissed the action due, in part, to the application of res judicata and collateral estoppel to an earlier action by the plaintiff to quiet title.[13]  The appellate court reversed the trial court's decision, finding that the two claims were sufficiently dissimilar such that preclusive doctrines did not apply.[14]  Landrith claims that this case stands for the proposition that "a judgment of foreclosure is not res judicata to, and does not collaterally estop an action for fraud in procuring the foreclosure and sale."[15]  Although Landrith's interpretation of *Weaver* may be correct, he fails to note the key distinction between that case and his—Weaver *had standing* to sue because he, at some point, had a cognizable property interest in the land in question; Landrith did not.  To be sure, if Basler had challenged Defendants' foreclosure judgment rather than executing the quitclaim deed to Landrith, this would be a very different case.  But Landrith, unlike Weaver and Basler, never had a legal interest in the disputed property.

On a related point, Landrith's final argument is that he should be able to sue Defendants in Basler's stead.  Landrith reasserts that Defendants improperly served Basler notice of foreclosure actions taken on the Leawood Estates property, giving Basler the right to challenge the foreclosure in state court.  Landrith contends that Basler's deed conveyed to Landrith the personal property right to this chose in action against Defendants for improper service.  But Landrith's argument fails for two reasons.  First, the quitclaim deed from Basler was rejected as

---

[12]   *Weaver*, 547 P.2d at 1012–13.

[13]   *Id.* at 1014.

[14]   *Id.* at 1014–15.

[15]   Pl.'s Mot. for Reconsideration, Doc. 52, at 2.

deficient by the Kansas Department of Records and Tax Administration.  Second, Landrith's arguments run contrary to hundreds of years of legal precedent.  It is well-established in property law that a quitclaim deed contains no warranties, but simply conveys whatever title the grantor has, or may have, in the property.[16]  Although some quitclaim deeds may contain covenants that run with the land,[17] Landrith correctly notes that a chose-in-action is *personal* property and therefore does *not* run with the land.[18]  Therefore, even if the Court assumes that Basler executed a valid quitclaim deed to the Leawood property, Landrith did not inherit Basler's right to sue Defendants for fraud.

After reviewing the Landrith's Rule 59(e) motion, his notice of supplemental authority, and the Court's previous memorandum and orders, the Court concludes that Landrith has not identified an intervening change in the controlling law, newly discovered evidence, or the need to correct a clear error in the earlier judgment.  Consequently, there is no need for the Court to amend or alter its dismissal of Landrith's lawsuit.

---

[16]   *See Colver v. McInturff*, 212 P. 88, 89 (Kan. 1923) (holding that a quitclaim deed does not "operate as an assignment of a claim for damages for a broken covenant"); *Stephenson v. Patton*, 121 P. 498, 500 (Kan. 1912) ("A quitclaim deed conveys only the grantor's title to the land described therein.").

[17]   No such covenants are evident in the deed Basler gave to Landrith.  The deed simply states, "I therefore quit claim to any and all interests in the above described 9743 Sagamore Road, Leawood, KS property." Quit Claim Deed, Doc. 8-1, at 26.  The deed contains no language to indicate that either party intended for any covenants to run with the land.

[18]   *See Schultz v. Cities Serv. Oil Co.*, 86 P.2d 533, 536 (Kan. 1939); *see also Colver*, 212 P. at 88 (noting that, at common law, choses in action are also unassignable).

**IT IS ACCORDINGLY ORDERED** this 20th day of March, 2013, that Plaintiff's Motion to Alter or Amend Judgment (Doc. 52) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE