IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRET D. LANDRITH,

*Plaintiff,*

v.

BANK OF NEW YORK MELLON; CATHERINE A. REIN; BANK OF AMERICA CORPORATION; COUNTRYWIDE HOMELOAN, INC.; CWALT, INC.; ALTERNATIVE LOAN TRUST 2007-OA7; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE FINANCIAL; COUNTRYWIDE HOME LOANS; KPMG LLP; STEPHEN E. SUMMERS; REALTY EXECUTIVES OF KANSAS CITY; SOUTH & ASSOCIATES, PC; and BRYAN CAVE, LLP,

*Defendants.*

Case No. 12-2352-EFM

**ORDER**

Plaintiff Bret D. Landrith, proceeding pro se, seeks leave to appeal *in forma pauperis* ("IFP") to the U.S. Court of Appeals for the Tenth Circuit. Landrith previously brought suit against Defendants on various grounds stemming from Defendants' foreclosure of property in which Plaintiff claimed to have a legal interest. On March 4, 2013, this Court granted Defendants' motions to dismiss Landrith's claims on the grounds that Landrith lacked standing to sue (Docs. 49, 50).[1] On March 20, 2013, the Court denied Landrith's motion to alter judgment

[1] The parties' specific factual allegations are laid out in greater detail in the Court's memorandum and order granting the Defendants' motions to dismiss (Doc. 49).

(Doc. 54) and imposed conditional filing restrictions on Landrith (Doc. 55), which became permanent on April 3, 2013, after Landrith failed to timely file any objections to the restrictions. Landrith filed a notice of appeal as to all of the aforementioned orders from the Court on March 28, 2013. On April 10, 2013, Landrith filed a motion for leave to appeal IFP (Doc. 59). The Court now denies Landrith's motion because (1) Landrith failed to attach an affidavit supporting his allegation of poverty, and (2) Landrith's appeal is not taken in good faith.

Rule 24 of the Federal Rules of Appellate Procedure clearly states that a party requesting leave to appeal IFP must submit an affidavit that shows "the party's inability to pay or to give security for fees and costs."[2] The rule also directs appellants to Form 4 of the Appendix of Forms, which calls for a detailed accounting of the appellant's assets.[3] Here, Landrith simply attached another motion for leave to appeal IFP that he apparently filed in an unrelated case before the Tenth Circuit, and summarily stated in his motion before this Court that his financial status has not changed since the Tenth Circuit allegedly granted the other motion to appeal IFP.[4] Landrith did not attach any financial affidavits from the other case, or even the Tenth Circuit's order, that this Court could review to determine Landrith's eligibility for IFP status in this case. Simply providing a motion to proceed IFP from another case is as persuasive as a pinky-swear that the appellant meets the statutory requirements for IFP status.

Even if the Court simply took Landrith at his word that his financial status would permit him to appeal IFP, the Court certifies that Landrith's appeal is not taken in good faith.[5] First,

---

[2] Fed. R. App. P. 24(a)(1)(A).

[3] *See id.*; Fed. R. App. P. Form 4.

[4] Rule 24(a)(3) does allow a party who was permitted to proceed IFP in the district court to maintain that IFP status on appeal, but that provision clearly applies when the party previously received permission to proceed IFP *in the same case*.

[5] *See* Fed. R. App. P. 24(a)(4)(B).

Landrith appeals the Court's order imposing filing restrictions without first filing objections as permitted in the order.[6] Second, the arguments that Landrith plans to make on appeal are the same as those the Court has twice now found meritless. Landrith relies on his argument that the Defendants' foreclosure on the Leawood Estates property was void, but Landrith either does not understand or chooses to ignore the fact that he is not the proper party to challenge the foreclosure. As the Court stated in its order dismissing this case, a case is not justiciable if the plaintiff lacks standing. The doctrine of standing protects the separation of powers by limiting the scope of judicial review,[7] improves judicial decision-making by ensuring that there is a sufficiently specific controversy before the court,[8] and shields individuals from the unwanted intermeddling of litigious parties.[9] Here, there is a complete dearth of evidence to support Landrith's claims that Defendants caused him an injury for which this Court can grant redress. Given the necessity of standing and the fact that Landrith has been told in four separate orders from the state and federal district courts that he lacks standing, the Court certifies that Landrith's appeal to the Tenth Circuit is not taken in good faith.

[6] In fact, Landrith filed his notice of appeal six days before the deadline that the Court imposed for filing objections.

[7] *See Allen v. Wright*, 468 U.S. 737, 752 (1984) (stating that the standing doctrine is "built on a single basic idea—the idea of separation of powers"); *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing "is founded in concern about the proper—and properly limited—role of the courts in a democratic society"); *see also* Antonin Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 Suffolk L. Rev. 881 (1983).

[8] *See Baker v. Carr*, 369 U.S. 186, 204 (1962) (stating that the "gist" of standing is that a litigant must "allege[] such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions").

[9] *See Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976) (explaining that "the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not"); *Warth*, 422 U.S. at 499 ("[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

**IT IS THEREFORE ORDERED**, this 15th day of April, 2013, that Plaintiff Bret D. Landrith's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 59) is hereby **DENIED**, and his appeal is certified as not taken in good faith.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE